Present: All the Justices

DAVID E. MOORE, ADMINISTRATOR, ETC.

v.    Record No. 942157    OPINION BY JUSTICE ELIZABETH B. LACY
                                   November 3, 1995
WILLIAM R. WARREN

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Randall G. Johnson, Judge

In this appeal, we consider whether a person performing the work of a charity as a volunteer is entitled to the protection of the charitable immunity doctrine.

William R. Warren was driving Mary A. Moore to a medical facility for routine medical care when the vehicle was involved in a collision with another vehicle. Moore was injured in the accident. Moore later died from natural causes unrelated to the accident.

David E. Moore, administrator of her estate, filed a motion for judgment against Warren alleging that he negligently operated the vehicle and that his negligence proximately caused Moore's injuries. Warren filed a plea of charitable immunity asserting that, at the time of the accident, he was driving a car owned by the American Red Cross and that he was serving as an unpaid volunteer for the Red Cross. Under these circumstances, Warren asserted, he was "cloaked with the immunity of the charity." The trial court sustained Warren's plea. We awarded Moore an appeal and will affirm the judgment of the trial court.

This is a case of first impression in this Commonwealth. The doctrine of charitable immunity adopted in Virginia

precludes a charity's beneficiaries from recovering damages from the charity for the negligent acts of its servants or agents if due care was exercised in the hiring and retention of those agents and servants. Straley v. Urbanna Chamber of Commerce, 243 Va. 32, 35, 413 S.E.2d 47, 49 (1992). Moore's primary argument is simply that cloaking Warren with charitable immunity would encourage charitable activities at the expense of compensating an injured victim. We struck this balance in favor of charitable institutions when the doctrine of charitable immunity was adopted and applied in Virginia years ago. Weston's Adm'x v. Hospital of St. Vincent, 131 Va. 587, 602, 107 S.E. 785, 790 (1921). In making this choice, the Court expressed the belief that it is in the public interest to encourage charitable institutions in their "good work." Id. Resolution of this case, therefore, must be consistent with that choice.

Like any organization, a charity performs its work only through the actions of its servants and agents. Without a charity's agents and servants, such as the volunteer here, no service could be provided to beneficiaries. Denying these servants and agents the charity's immunity for their acts effectively would deny the charity immunity for its acts. If the charity's servants and agents are not under the umbrella of immunity given the institution itself and they are exposed to negligence actions by the charity's beneficiaries, the "good

work" of the charity will be adversely impacted.  That result is inconsistent with the Commonwealth's policy underlying the doctrine of charitable immunity.

Moore, nevertheless, suggests that, as a case of first impression, actions taken in other jurisdictions are instructive and provide persuasive authority for his position.  However, we are aware of only one case which directly considered the immunity of a charity's volunteer, Wood v. Abell, 300 A.2d 665 (Md. 1973).

Wood is not persuasive here because the holding relied on a trust fund theory of charitable immunity.  Id. at 679.  That theory bases the charitable immunity doctrine on the rationale that the funds of the charity should not be subject to dissipation by negligence suits against the charity.  Because charitable funds would not be affected by the personal liability of a charity's volunteer, the Supreme Court of Maryland held that the rationale for the doctrine in Maryland did not support applying the immunity to the charity's volunteer.  Id.

The trust fund doctrine, however, was considered and specifically rejected as the rationale for adopting charitable immunity in Virginia.  Instead, public policy considerations are the rationale for charitable immunity in this jurisdiction.  Hospital of St. Vincent v. Thompson, 116 Va. 101, 107, 81 S.E. 13, 15 (1914).  Because the status of charitable immunity and

the theories upon which it is based vary greatly from jurisdiction to jurisdiction, we do not find cases from other jurisdictions instructive or persuasive here.  See generally Note, The Quality of Mercy:  "Charitable Torts" and Their Continuing Immunity, 100 Harv. L. Rev. 1382, 1392-93 & n.71 (1987); Janet Fairchild, Annotation, Tort Immunity of Nongovernmental Charities -- Modern Status, 25 A.L.R. 4th 517 (1983 & Supp. 1995).

In resolving the issue before us, we also reject Moore's contention that including volunteers within a charity's cloak of immunity is an expansion of the doctrine and that we have previously stated such a task should be left to the legislature.  First, our previous statements regarding preference for legislative rather than judicial action in this area have been limited to actions which would "abolish or relax" the doctrine.  Roanoke Hosp. Ass'n v. Hayes, 204 Va. 703, 709, 133 S.E.2d 559, 563 (1963); Hill v. Leigh Memorial Hosp., Inc., 204 Va. 501, 504, 132 S.E.2d 411, 414-15 (1963); Memorial Hosp., Inc. v. Oakes, 200 Va. 878, 889, 108 S.E.2d 388, 396 (1959).  In Oakes, the Court enunciated its rationale for avoiding judicial restriction or abrogation of the doctrine:

> If it be considered desirable to abolish such
> immunity, it would be more appropriate for the
> General Assembly to act, for the effect would be to

operate prospectively.  Abandonment of the rule by judicial decision would be retroactive and give life to tort claims not barred by the statute of limitations at the time of rendition of this opinion.

200 Va. at 889, 108 S.E.2d at 396.

Thus, this Court's stated preference for legislative action is limited in scope and is based on a need to avoid the potentially detrimental results that would flow from judicial abrogation or limitation of the doctrine.

More importantly, our resolution of the present issue is not an expansion of the charitable immunity doctrine but involves only another instance of defining its contours.  See, e.g., Weston's Adm'x, 131 Va. at 610, 105 S.E. at 792 (one who pays for services of a charity can be a beneficiary of the charity); Hill, 204 Va. 501, 132 S.E.2d 411 (1963) (charity is not liable for corporate negligence other than negligent hiring and retention of its servants); Straley, 243 Va. at 37, 413 S.E.2d at 50-51 and Thrasher v. Winand, 239 Va. 338, 341, 389 S.E.2d 699, 701 (1990) (member of community only generally served by a charity is not beneficiary).

For the reasons stated, we conclude that under the doctrine of charitable immunity, a volunteer of a charity is immune from liability to the charity's beneficiaries for negligence while the volunteer was engaged in the charity's

work.[*]  Accordingly, we will affirm the judgment of the trial court.

Affirmed.

JUSTICE HASSELL, dissenting.

Contrary to its assertion, the majority has certainly expanded the doctrine of charitable immunity. We have not heretofore held that a volunteer of a charitable organization is immune from tort liability. Indeed, I am unaware of any other court in the United States which has granted such tort immunity to a volunteer of a charitable organization.

We have consistently held that if the bar of charitable immunity is to be either expanded or abolished, the General Assembly should do so, and not this Court, which is the branch of government least suited to make public policy decisions. For example, we stated in Hospital Association v. Hayes, 204 Va. 703, 709, 133 S.E.2d 559, 563 (1963):

> The defendant urges us to broaden the immunity extended to a charitable institution. We have heretofore said that the wisdom of exempting a charitable institution from liability in tort even to its beneficiaries was not entirely free from doubt; but we felt that it would be more appropriate for the General Assembly of Virginia to abolish or relax the rule than for this Court to undertake to do so. Hill v. Memorial Hospital, Inc., [204 Va. 501, 506, 132

---

[*]We decline to adopt Moore's suggestion that the test applied to sovereign immunity cases for determining employee immunity be employed in charitable immunity cases. While the doctrines may appear to be similar, their jurisprudence and statutory development are different. We see no reason to transport standards developed in the context of sovereign immunity to charitable immunity.

S.E.2d 411, 414-15 (1963)]; <u>Memorial Hospital</u> v.
<u>Oakes, Adm'x</u>, [200 Va. 878, 889, 108 S.E.2d 388, 396
(1959)].  We decline to accept defendant's request.

Even a cursory review of the majority's opinion reveals that the majority's decision to expand the bar of charitable immunity is based solely upon public policy considerations rather than legal precedent.  I would reverse the judgment of the trial court and remand this case for a trial on the merits.