Present:  Carrico, C.J., Compton, Lacy, Hassell, Keenan, Koontz, JJ., and Poff, Senior Justice

GORDON GAY

v.    Record No. 961214    OPINION BY JUSTICE ELIZABETH B. LACY
                                    February 28, 1997
NORFOLK AND WESTERN RAILWAY COMPANY

FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
Thomas V. Warren, Judge

In this case, we consider whether a deposition was properly used as a basis for entering summary judgment and the proper standard for determining the accrual date of a cause of action under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51 through 60.

On February 1, 1994, Gordon Gay filed a motion for judgment against his former employer, Norfolk and Western Railway Company (N&W), pursuant to FELA.  Gay claimed that he was injured by exposure to diesel fumes and exhaust emitted by N&W's locomotives during his employment from September 8, 1956 to December 9, 1993.  N&W filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction based on Gay's deposition and pleadings.  N&W claimed that Gay's motion for judgment was not filed within FELA's three-year statute of limitation period, 45 U.S.C. § 56, because his cause of action arose in 1989 when he was diagnosed with myelodysplasia, a form of leukemia, or chronic anemia.

At the hearing on N&W's motion, Gay argued that the motion was "essentially a motion for summary judgment" and objected to the use of his deposition in considering the motion.  The trial court held that Gay had waived his objection to use of the

deposition, that the cause of action accrued when Gay was diagnosed in 1989, and, therefore, the three-year limitations period barred his action. We awarded Gay an appeal.

Gay assigns error to the trial court's ruling that he waived his objection to the use of his deposition. Gay also claims that reasonable people could differ as to when the cause of action accrued and, therefore, the trial court erred in holding that, as a matter of law, the cause of action accrued in 1989. We consider these issues in order.

I.

During the hearing on N&W's motion, Gay objected to the use of his deposition as a basis for summary judgment, relying on Rule 3:18 and Code § 8.01-420. The trial court held that Gay waived his objection because he did not raise it until after the motion was made, briefed, and argued. That ruling was error.

Rule 3:18 and § 8.01-420 impose a very specific condition; namely, the parties must <u>agree</u> to the use of depositions before they may serve as a basis in whole, or in part, for the entry of summary judgment. This condition requires some showing of acquiescence in the use of a deposition. The record in this case cannot support a finding that Gay agreed to the use of his deposition. <u>Cf.</u> <u>Parker v. Elco Elevator Co.</u>, 250 Va. 278, 281 n.2, 462 S.E.2d 98, 100 n.2 (1995) (no objection made at any time to use of deposition). Gay unequivocally objected to the use of his deposition before the trial court entered judgment. We agree that the better practice would have been for Gay to

have made his objection known earlier in the proceedings. Nevertheless, in the absence of any basis to conclude that Gay agreed to the use of his deposition, the trial court could not enter summary judgment based in whole, or in part, on that deposition.

Accordingly, the trial court erred in holding that Gay waived his objection to the trial court's use of his deposition and in entering summary judgment based on the deposition without agreement by the parties as required by Rule 3:18 and § 8.01-420.[*]  This conclusion requires that we reverse the judgment of the trial court and remand the case for further proceedings; however, because Gay's claim relating to the method of determining the accrual date of his cause of action will arise on remand, we also address this issue.

II.

The federal courts apply a discovery rule for ascertaining when an employee's cause of action accrues under the FELA. This rule, simply stated, is that the cause of action accrues when the employee "knows or should know" that he was injured and that the injury was work-related.  United States v. Kubrick, 444 U.S. 111, 120 n.7 (1979) (citing Urie v. Thompson, 337 U.S. 163, 169-170 (1949)); Townley v. Norfolk & Western

_____

[*]N&W also argues that the trial court's use of the deposition testimony was not error because its motion was not a motion for summary judgment but a "Motion to Dismiss for Lack of Subject Matter Jurisdiction" and, therefore, Rule 3:18 and § 8.01-420 do not apply.  This argument is disingenuous. Regardless of the label N&W placed on it, this motion was functionally a motion for summary judgment and subject to Rule 3:18 and § 8.01-420.

Ry., 887 F.2d 498, 501 (4th Cir. 1989); Young v. Clinchfield R.R. Co., 288 F.2d 499, 503 (4th Cir. 1961). Formal confirmation by a physician or other expert that an illness or injury is work-related is not necessary for a cause of action to accrue. Townley, 887 F.2d at 501; Albert v. Maine Central R.R. Co., 905 F.2d 541, 544 (1st Cir. 1990).

N&W argues that the trial court correctly held that Gay's cause of action accrued in 1989 when he was diagnosed with leukemia because Gay testified that, at that point, he suspected his leukemia was caused by inhalation of diesel fumes. N&W relies primarily on Townley v. Norfolk & Western Railway for the proposition that an employee "knows or should know" that his injury is work-related when he "suspects" such a causal relationship. Our review of Townley, however, does not support N&W's reading of that case.

In Townley, the court considered the time at which a railroad employee "knew or should have known" that he had black lung disease. The employee had worked around coal dust from 1948 to 1979. He suffered respiratory and heart problems for 10 years before he retired on disability in 1979. The employee testified that he knew that other railroad workers exposed to coal dust had contracted black lung disease and that railroad workers were encouraged to apply for black lung benefits. In 1980, the employee requested that his employer send him the information he needed to apply for black lung benefits. The employee argued that because he did not know that he had black lung disease, his cause of action did not accrue until he

received a formal diagnosis of the disease from the doctor in 1984.

In discussing when the employee's cause of action arose, the court in Townley stated that the employee's action "accrued no later than 1980 when . . . he suspected that he suffered from black lung and that his condition was caused by his work on the railroad."  Id. at 501.  This statement, however, does not mean that if a plaintiff "suspected" his condition was work-related he "knew or should have known" the injury was work-related.  The full holding of the case is that, based on all the evidence, it was "obvious from [the employee's] actions that he possessed sufficient information that he knew, or should have known, that he had been injured by his work with the railroad [in 1980]."  Id.

An employee's mere suspicion of an injury or its probable cause, standing alone, is not the operative standard for determining when a cause of action accrues under FELA.  Rather, all the relevant evidence must be considered.  In making this determination, several factors have been identified, including the degree of inquiry made by the employee, the number of possible causes of the injury, whether medical advice indicated no causal connection between the injury and the workplace, DuBose v. Kansas City Southern Ry. Co., 729 F.2d 1026, 1031 (5th Cir. 1984); the complexity of the employee's symptoms, the expert knowledge or diagnostic skill of the medical doctors or experts consulted, Young, 288 F.2d at 503-04; and the existence of a medically recognized and documented causal link between

the employee's symptoms and his working conditions, <u>Stoleson v. United States</u>, 629 F.2d 1265, 1267 (7th Cir. 1980) (action brought under FTCA which applies same discovery rule applied to action brought under FELA).  On remand, considering all the relevant evidence, if reasonable persons could disagree about when Gay "knew or should have known" that his injury was work-related, the issue should be submitted to the jury.  It is improper, however, to resolve the issue solely on the basis that an employee suspected that his illness was work-related.

For these reasons, we will reverse the judgment of the trial court and remand the case for further proceedings.

<u>Reversed and remanded.</u>