Antonio Mooring, etc.

v.

Virginia Wesleyan College
and John Braley

November 13, 1997

Case No. (Law) L97-2389

BY JUDGE EVERETT A. MARTIN, JR.

Antonio Mooring, a minor, has filed a motion for judgment by his mother, Patricia Mooring, against Virginia Wesleyan College and Professor John Braley for compensatory and punitive damages for injuries he sustained at the Boys & Girls Club of Hampton Roads (the "Club"). Braley has filed a motion to dismiss, in which he claims immunity under the Club's status as a charity. I find that Braley was a volunteer at the Club and is thus entitled to charitable immunity.

The doctrine of charitable immunity is well recognized in Virginia. *See Weston's Adm'x v. Hospital of St. Vincent of Paul*, 131 Va. 587, 107 S.E. 785 (1921) (first adopting the doctrine in Virginia). Under the doctrine, a charity is immune from liability to its beneficiaries for the negligent acts of employees as long as the charity has exercised due care in hiring them. *Straley v. Urbanna Chamber of Commerce*, 243 Va. 32, 413 S.E.2d 47 (1992).

The Supreme Court has ruled that charitable immunity extends to the negligent acts of "volunteers" engaged in a charity's work. *Moore v. Allen*, 250 Va. 421, 425, 463 S.E.2d 459, 461 (1995). The Court acknowledged that "a charity performs its work only through the actions of its servants and agents," and the "[d]enying these servants and agents the charity's immunity for their acts effectively would deny the charity immunity for its

acts." *Moore*, 250 Va. 423, 463 S.E.2d at 460. The Court did not define the term "volunteers."

Charitable immunity applies only to an organization that operates for a charitable purpose. The operation of the organization for "gain, profit, or advantage" is the primary test of determining charitable purpose. *Danville Com. Hospital v. Thompson*, 186 Va. 746, 753, 43 S.E.2d 882, 884 (1947). Whether the individual provides his services to the charity without compensation is an appropriate criterion for the court to consider in determining if an individual is a volunteer.

In this regard, Congress recently passed the Volunteer Protection Act of 1997, 42 U.S.C. § 14501, *et seq*. The purpose of the Act is:

> to promote the interests of social service program beneficiaries and taxpayers and to sustain the availability of programs, [and] nonprofit organizations . . . that depend on volunteer contributions . . . .

42 U.S.C. § 14501(b). The Act preempts state law; however, because of its effective date, it does not apply to this action. Pub. L. 105-19, § 7, 111 Stat. 221. The Act defines a volunteer as "an individual performing services for a nonprofit organization . . . who does not receive . . . compensation . . . or any other thing of value in lieu of compensation . . . ." § 14505(6).

The parties have stipulated that the Club is a charitable organization and that Antonio Mooring was a beneficiary of its services. Braley concedes he had a dual role at the Club. He was acting as a professor supervising the students enrolled in his recreation and leisure studies course at Virginia Wesleyan, and he was helping the Club perform its good work. The plaintiff argues that Braley should be denied charitable immunity because part of his motivation to help the Club was vocational. Braley did not, however, receive any compensation, gain, profit, or other thing of value from the Club for the services he rendered, nor did Virginia Wesleyan pay him additional compensation for these services. I therefore conclude Braley was a volunteer for purposes of charitable immunity.

The Court in *Moore* decided to insulate from liability those individuals who give their time to charitable institutions and go unpaid for the services they contribute. Many schools, businesses, and governmental agencies now require or encourage their students or employees, as the case may be, to perform charitable services. The plaintiff's position would deprive those persons of immunity; it would also require the court to perform the difficult task of examining each volunteer's subjective motive for performing charitable services.