Present:  All the Justices

ANTONIO MOORING, A MINOR WHO SUES
BY HIS MOTHER AND NEXT FRIEND,
PATRICIA MOORING, ET AL.

v.  Record No. 981270     OPINION BY JUSTICE ELIZABETH B. LACY
                                    April 16, 1999
VIRGINIA WESLEYAN COLLEGE, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

Antonio Mooring, a minor, suffered a traumatic amputation of his right thumb when John Braley closed a door while Mooring had his hand on the portal of the doorway.  The incident occurred at the Boys and Girls Club of Hampton Roads (the Club).  Mooring, through his next friend, sued Braley and his employer, Virginia Wesleyan College.  The trial court dismissed Mooring's motion for judgment finding that Braley was a volunteer at the Club and entitled to charitable immunity as a result of the Club's status as a charity. Because we find that Braley was not engaged in the charity's work at the time of the alleged negligence, we conclude that the trial court erred in dismissing Mooring's motion for judgment.

Braley is a professor at Virginia Wesleyan College, teaching in a recreation and leisure studies program.  The Club contacted Braley seeking volunteers to work in its programs.  In response, Braley established a program with the

Club in which students in Braley's recreation programming class were required to spend six hours observing the children and volunteering at the Club. The students were required to return to the classroom, design recreation programs for the children they observed, and then implement those programs at the Club. Braley would go to the Club to observe the students conducting the programs and would "help the students out" when they needed it. The students were not graded directly on the basis of their work at the Club, but on the basis of a report they submitted to Braley describing their learning experience.

On the day Mooring was injured, one of Braley's students was conducting a wellness and body-conditioning program for thirteen to eighteen-year-olds in the Club's weight room. The student was giving a talk to the participants and Braley was observing her. At the student's request, Braley went to the door to keep younger children not involved in the student's program out of the room. While Braley was tending the door, Mooring was injured.

The trial court held an evidentiary hearing on the defendants' joint motion to dismiss. The parties stipulated that the Club was a charity entitled to charitable immunity and that Mooring was a beneficiary of the charity. The trial court held that because Braley received no extra compensation from the Club or Virginia Wesleyan College for the services he

2

rendered, and because Braley's role at the Club was both supervising his students and "helping the Club perform its good work," he was "a volunteer at the Club" and thus entitled to charitable immunity under Moore v. Warren, 250 Va. 421, 463 S.E.2d 459 (1995).[*]

In Moore, an American Red Cross volunteer was sued for negligence allegedly committed while transporting the injured party to a routine medical visit in a car owned by the Red Cross. Providing transportation for such medical visits was a service of the Red Cross. The driver contended that he was "'cloaked with the immunity of the charity'" and that charitable immunity was not limited to the charity itself. Id. at 422, 463 S.E.2d at 459. In resolving this issue of first impression, we stated:

> Like any organization, a charity performs its work only through the actions of its servants and agents. Without a charity's agents and servants, such as the volunteer here, no service could be provided to beneficiaries. Denying these servants and agents the charity's immunity for their acts effectively would deny the charity immunity for its acts.

Id. at 423, 463 S.E.2d at 460. Based on this rationale, we included the driver in the immunity of the charity and held that he was immune from liability to the charity's

---

[*] In dismissing the motion for judgment against both defendants, the trial court did not specifically address whether Virginia Wesleyan College was entitled to charitable immunity, and this issue is not before us on appeal.

beneficiaries for negligence while he was "engaged in the charity's work." Id. at 425, 463 S.E.2d at 461. Thus, Moore requires an individual seeking the cloak of a charity's immunity to establish that he was an agent or servant of the charity at the time of the alleged negligence and that the alleged negligence for which he seeks immunity occurred while he was actually doing the charity's work.

Assuming, without deciding, that the "role" Braley had at the Club identified by the trial court satisfied the requirement that Braley be an agent or servant of the Club, Braley qualifies for protection under the Club's charitable immunity only if the alleged negligence occurred while he was doing the charity's work. Mooring contends that at the time of the injury Braley's "presence did not directly benefit the Club," and that Braley presented no evidence that "he was doing anything in particular for the Club at the time of the incident." We agree.

While Braley testified that he "helped out" at the Club whenever he could, the record shows that at the time of his alleged negligence, Braley was at the Club to observe the activities of his student. He was not there to directly perform any of the Club's work; rather he was carrying out his duties as a professor at Virginia Wesleyan College. He was observing his student and acting as "doorkeeper" at the

4

student's request to allow his student to properly conduct the wellness class. Under these facts, we conclude that Braley was not entitled to charitable immunity because he was not engaged in the work of the charity at the time of his alleged negligence.

Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings.

<u>Reversed and remanded.</u>