## CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Helen Johnson,
Executrix of the
Estate of Robert Johnson

v.

Norfolk Portsmouth
Belt Line Railroad Co.

July 11, 2000

Case No. (Law) CL-99-756

BY JUDGE DEAN W. SWORD, JR.

This matter comes before the court upon the motion of the defendant, Norfolk Portsmouth Belt Line Railroad Company (hereinafter called "Belt Line") seeking dismissal of a motion for judgment filed by Helen Johnson, Executrix of the Estate of Robert E. Johnson, deceased, as time barred. In addition, Johnson has filed a motion entitled "Plaintiff's Motion to Exclude Discovery Deposition/Objection to Use of Discovery Deposition."

*Facts*

On June 15, 1999, Johnson filed a Motion for Judgment with this court alleging *inter alia* that the decedent was an employee of Belt Line and that "as a result of medical complications from injuries received" in the performance of certain work related duties, he died on December 24, 1998. The suit is brought under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51, *et seq*.

Grounds of Defense were filed on August 13, 1999, by the Belt Line which *inter alia* claimed "Plaintiff's action is barred by the applicable statute of limitations . . . ."

The file reflects that considerable discovery by both sides has occurred including the discovery deposition of Stanley L. Brittman, M.D.

Based upon the information in the deposition of Doctor Brittman, the Belt Line filed its motion to dismiss claiming that the motion for judgment is time barred. Johnson claims that Belt Line may not use the deposition in support of its motion, and in the alternative, that the deposition does not present adequate evidence to show that the claim is time barred.

## Opinion

Prior to addressing the substantive issue of what the deposition may or may not prove, the court must determine whether or not the motion filed by Belt Line may be considered at this stage of the proceedings.

The thrust of Belt Line's argument is that the motion is not one for summary judgment and thus subject to Rule 3:18 and Virginia Code § 8.01-420, but a motion to dismiss as contemplated by Rule 3:16(a). They further argue that the amendment of Rule 3:16, effective October 1, 1997, identifies and legitimizes a motion to dismiss as a pleading in Virginia. To the extent that the rule applies to cases filed after October 1, 1997, the court agrees.

The Supreme Court has decided a series of cases dealing with the issue of a motion to dismiss (our computer search identified cases back to 1925). Some of the more recent are: *Johnson v. Campbell*, 258 Va. 453, 521 S.E.2d 764 (1999) (motion to dismiss on issue of involuntary participation in an illegal act); *Mooring v. Virginia Wesleyan College*, 257 Va. 509, 514 S.E.2d 619 (1999) (on issue of charitable immunity); *Hardy v. Board of Zoning Appeals*, 257 Va. 232, 508 S.E.2d 886 (1999) (on issue of mootness); *Gilpin v. Joyce*, 257 Va. 579, 515 S.E.2d 124 (1999) (on the issue of untimely service of process); *Kelly v. Carrico*, 256 Va. 282, 504 S.E.2d 368 (1998) (on the issue of statute of limitations); and *Riddett v. Virginia Electric & Power Co.*, 255 Va. 23, 495 S.E.2d 819 (1998) (on issue of statute of limitations). None of these, however, address the use of a deposition to dispose of the motion.

My view is that the litigants would be better served if the court were to decide this matter on the pleadings that are currently at hand.

This then brings us to the application of Virginia Code § 8.01-420 to the Rules of Court.

Virginia Code § 8.01-3(A) provides "The Supreme Court . . . may, from time to time . . . prepare a system of rules of practice . . . ." This section however, also provides a limit on that authority: "(D) . . . The General Assembly may . . . by the enactment of a general law, modify, or annul any rules adopted or amended pursuant to this section. In the case of any variance

between a rule and an enactment of the General Assembly, such variance shall be construed so as to give effect to such enactment."

Can, then, the defendant defeat a clearly expressed policy of an enactment of the General Assembly by calling their motion a "motion to dismiss"?

The only authority the court has been able to identify that relates to this issue is *Gay v. Norfolk and Western Ry.*, 253 Va. 212, 483 S.E.2d 216 (1997). While this case predates the amendment of Rule 3:16, there is nothing in that opinion suggesting that the court is ready to consider a different result.

There is also nothing to indicate to this court that the amendment to Rule 3:16 was designed to add a new procedure to existing Virginia practice or that such an amendment is to be exempt from the rule of § 8.01-420.

What I believe to be the binding rule is stated in the footnote to *Gay* at page 216: "its [N & W] motion was not a motion for summary judgment but a 'Motion to Dismiss for Lack of Subject Matter Jurisdiction' and, therefore Rule 3:18 and § 8.01-420 do not apply. This argument is disingenuous. Regardless of the label N & W placed on it, this motion was functionally a motion for summary judgment. . . ."

The court therefore being of the opinion that it is bound by the rule of *Gay v. Norfolk and Western Ry., supra*, does deny the motion of the defendant, Belt Line, since it does not have the requisite consent required by Rule 3:18.

This denial, however, is without prejudice to the right of the defendant to present the motion after the court has, in compliance with applicable law, had an opportunity to consider the merits. No opinion is expressed and none shall be implied as to any subsequent ruling the court may be required to make, this being a procedural denial only.