PRESENT:  Lacy, Hassell, Keenan, Koontz, Kinser, and Lemons, JJ., and Whiting, S.J.

NAKUL BHATIA, ET AL.                         OPINION BY
                                   SENIOR JUSTICE HENRY H. WHITING
v.  Record No. 002414                    September 14, 2001

MEHAK, INC., ET AL.

                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Marcus D. Williams, Judge


     In this appeal of consolidated personal injury actions, we consider whether a restaurant business and its "co-owners" are entitled to the protection of a religious organization's charitable immunity when donating restaurant catering services at one of the charity's religious ceremonies.

     Nakul Bhatia and Natasha Bhatia, then four and nine years old respectively, went with their parents to a religious ceremony conducted by a Hindu religious organization known as Rajdhani Mandir (Mandir).  While in a room adjacent to that in which the ceremony was being conducted, both children were scalded by hot tea, being served with food and other refreshments, that spilled from an overturned urn used by employees of Mehak, Inc. (Mehak), the caterer.  Mandir's minister testified that these refreshments were an essential part of the extended religious service which involved considerable physical exertion.

Praveendra Dhingra, a devotee of Mandir and one of the two self-described "co-owners" of Mehak, an Indian restaurant in the area, had agreed to the request of Mandir's minister that Dhingra arrange for the provision, preparation, and service of the necessary food and refreshments as a donation to Mandir. Dhingra thus had Mehak and its employees cater the event without compensation from Mandir, an organization that all parties agree is a charitable one.

Both children, by their father and next friend, Sanjeev Bhatia, brought actions seeking compensation for their injuries against Mehak and its "co-owners" Dhingra and Kashmira Singh. In their motions for judgment, the plaintiffs charged that Mehak was acting "through its agents, employees, and/or owners" and that they "negligently caused scalding hot tea to be served."

The three defendants filed pleas in bar asserting the defense of charitable immunity. On motion of the plaintiffs, the cases were consolidated. After briefs were filed on the issue of charitable immunity and evidence was heard, the court found that all defendants were engaged in the work of the charity without compensation at the time the tea urn overturned. Therefore, the court sustained the pleas and entered final judgment for the defendants. The plaintiffs appeal.

The doctrine of charitable immunity in Virginia "precludes a charity's beneficiaries from recovering damages from the charity for the negligent acts of its servants or agents if due care was exercised in the hiring and retention of those servants."  Moore v. Warren, 250 Va. 421, 422-23, 463 S.E.2d 459, 459 (1995) (citing Straley v. Urbanna Chamber of Commerce, 243 Va. 32, 35, 413 S.E.2d 47, 49 (1992)).  Additionally, "a volunteer of a charity is immune from liability to the charity's beneficiaries for negligence while the volunteer was engaged in the charity's work."  Moore, 250 Va. at 425, 463 S.E.2d at 461 (unpaid volunteer driver entitled to charitable immunity from damages for alleged negligence while driving beneficiary of American Red Cross's services to medical facility for treatment).  However, an agent or servant of a charity only shares the charity's immunity from liability if the agent or servant is acting directly for the benefit of the charity.  See Mooring v. Virginia Wesleyan College, 257 Va. 509, 512, 514 S.E.2d 619, 621 (1999).

In Mooring, a college professor who taught a recreational and leisure studies class, volunteered the assistance of his students at a program of a local Boys and Girls Club.  While observing one of his volunteer-students

3

conducting a class, the professor responded to her request that he close a door to keep other children out of the class. While closing the door, the professor injured one of those children. Even though the professor incidentally benefited the charity by acting as "doorkeeper" to enable his students to properly conduct the class, we concluded that he was not entitled to the charity's immunity.

In Mooring, we noted that "Moore requires an individual seeking the cloak of a charity's immunity to establish [1] that he was an agent or servant of the charity at the time of the alleged negligence and [2] that the alleged negligence for which he seeks immunity occurred while he was actually doing the charity's work." Id. at 512, 514 S.E.2d at 621. We denied charitable immunity in Mooring on the second ground that the professor was "not there to directly perform any of the Club's work; rather he was carrying out his duties as a professor." Id. Implicit in our holding was the fact that the professor was acting as the agent of the college, not of the charity.

Here, Mehak, its "co-owners," and its employees were neither acting as agents or servants of the charity in preparing and serving the food and beverages, nor were they directly performing the work of the charity. Instead, they

4

were acting directly for Mehak in preparing and delivering its charitable donation.  In this respect, they were like the college professor in Mooring who was acting as the college's agent in promoting the college's interest, and unlike the volunteer driver in Moore who was acting solely as the charity's agent in promoting the charity's interest.

Applying the rationale of Mooring and Moore, we conclude that none of the defendants was acting as Mandir's agents and servants at the time the children were injured. Even though the facts are considered in the light most favorable to the defendants who prevailed in the trial court, we conclude that the court erred in sustaining the defendants' pleas of charitable immunity.

Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.

5