## CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Brown

 v.

Mills et al.

April 21, 2003

Case No. (Law) CL02-0950

By Judge Dean W. Sword, Jr.

 This matter is presently before the court upon the motion of the defendants, Mills and Capehart-Paige, to dismiss the motion for judgment as to them. The substance of their motion is that they are servants/agents of Holiday House of Portsmouth, Inc., and, as such, are privy to the defense of charitable immunity. (The court notes that it has previously ruled that Holiday House was entitled to charitable immunity and has dismissed it as a defendant herein.)

### Facts

 This motion for judgment seeks to recover damages for the wrongful death of the plaintiff administrator's decedent. The allegations contained in the amended motion for judgment state *inter alia* that both defendants were "at all relevant times . . . acting within the cause and scope of [their] employment . . . [with] Holiday House of Portsmouth, Inc." It is further alleged that, due to the "gross negligence" of these parties, the plaintiff's decedent received personal injuries which caused her death.

### Findings

 There is little dispute between the parties that, absent allegations of "gross negligence," there would be no cause of action against these

defendants. What the court must decide is whether the defendants as agents and servants of a charity may be held personally liable for acts of gross negligence as compared with simple negligence. (It should also be noted that no allegations have been made with respect to the negligent hiring or retention of either defendant and it was also agreed that plaintiff's decedent was a beneficiary of the charity.)

The doctrine of charitable immunity in Virginia is a court made one based upon public policy. It was established by the case of *Weston's Adm'x v. Hospital of St. Vincent of Paul*, 131 Va. 587, 107 S.E. 785 (1921). Justice Burks, in an exhaustive review of existing case law, defines the doctrine, subject to the caveat that the immunity flows only to a beneficiary of the charity, as "the duty which the defendant in error [the hospital] owed to the decedent was the exercise of due care in the selection and retention of the nurse in charge of the patient." 131 Va. at p. 611.

The doctrine has been held to apply to the servants and agents of the charity, including volunteers. "Denying these servants and agents the charity's immunity for their acts effectively would deny the charity immunity for its acts." *Moore, etc. v. Warren*, 250 Va. 421, 423, 463 S.E.2d 459 (1995).

Admittedly *Moore* does not discuss gross negligence, as compared with simple negligence, but applies the *Weston* rule to agents and servants. *Weston*, of course, creates a rule of immunity with the two exceptions noted above. Thus, it is fair to say that charities have "absolute immunity in all cases." *Weston* at p. 610. By extension, the agents and servants of the charity would enjoy such immunity for negligent torts.

This court is unwilling to go beyond the plain language dictates of the Supreme Court. *Moore* speaks of "negligence actions," 250 Va. at p. 423, and this clearly is a negligence action. If a distinction is to be made between "negligence" and "gross negligence," I am of the opinion that it should be made by either the Supreme Court or the General Assembly and therefore decline the invitation of the plaintiff to do so in this matter.

The motion of the defendants, Mills and Capehart-Paige, is granted, and this matter is dismissed as to them.