## CIRCUIT COURT OF WISE COUNTY

Tammy Fleming,
Administratrix
of the Estate of
Christopher N. Fleming,
deceased

v.

Coeburn Little League, Inc.,
Allen Couch,
and the Town of Coeburn

September 15, 2003

Case No. L02-19

BY JUDGE J. ROBERT STUMP

Coeburn Little League and Couch filed a plea of Charitable Immunity.

The court has carefully considered the pleadings, the transcript of the ore tenus evidence, stipulations, exhibits, counsel's written briefs, oral arguments, cited case and statutory law and makes the following findings of facts and conclusions of law.

*Facts*

Plaintiff's decedent was fatally injured while riding his four-wheel ATV on the paved service driveway at the ABC field facility, which was exclusively controlled and operated by Little League as a baseball field and recreation area. Couch is an officer, director, and volunteer agent and servant for Little League. The Town of Coeburn had a written lease of the property in question from VICC since April 1971. The Town orally leased the property to Little League as a tenant at will for use as a baseball field. Little League assumed exclusive control, operation, construction, repair, and maintenance of the ABC field by means of donations of monies and labor. The Town had no control

over the field's baseball and other recreational uses, nor over who could use it. Little League permits the public to use the facility for recreation other than baseball. Plaintiff's decedent, age 18, had used the ABC premises for recreational purposes for more than seven years, riding motorcycles and ATVs almost every Sunday and during week days until his death on Sunday April 8, 2001.

The parties stipulated that Little League operates as a nonprofit, tax exempt corporation pursuant to 26 U.S.C. § 501(c)(3).

### Little League: Charitable Immunity

Little League's charter, articles of incorporation, constitution, and by-laws require it to be organized and operated as a charitable and nonprofit, nonstock corporation.

Little League's stated purposes are designed to benefit the public interests and common good, and no surplus monies enure to benefit of any individual. The officers, directors, servants, and agents are not compensated for their labor.

Little League is entitled to the presumption that it is a charitable organization. This presumption has not been overcome. Moreover, the facts prove by clear and convincing evidence that Little League was intended to be and has operated as a charitable corporation. If it talks, looks, walks, and acts like a duck, it is a duck. If there was ever a charitable organization, Coeburn Little League is it.

Little League's membership and sports activities do not preclude it from being a charity, but enhance its stated purpose of being a charitable organization created and operated for the benefit of the public's interest and common good.

Even if Little League were the Town's agent in operating and maintaining the ABC field premises (which this court does not find), it provided services in a charitable manner for the benefit of the public and is entitled to charitable immunity.

The express oral agreement with the Town establishes Little League as a tenant at-will with exclusive possession and control of the ABC field premises and with full and complete authority to make the ABC field publicly available for recreational and amusement purposes.

### Plaintiff's Decedent: Little League Beneficiary

Little League made the ABC field premises available for the public's recreational use, and plaintiff's decedent became a beneficiary of Little

League by his constant and continued use of it. He was furthermore a beneficiary of Little League because he used a recreational facility which existed solely because of Little League's charitable efforts and which Little League used and made available in the course of its charitable activities.

The cable of which plaintiff complains was installed by Little League and Couch to enhance the safety of ABC field users and was therefore an integral part of Little League's charitable activities of conducting a place of amusement and recreation for the public. Little League extended its charitable benefits to the public and an indefinite number of people, which also included plaintiff's decedent.

### Couch: Statutory Immunity

Couch claims statutory immunity pursuant to Va. Code §§ 8.01-220.1:1 and 13.1-870.1, alleging uncompensated directors and officers of tax-exempt organizations are "immune from civil liability for acts taken in their capacities as officers ... or directors of such organizations." However, subsections C of § 8.01-220.1:1 and § 13.1-870.1 provide an exception that there is no immunity where the officer or director "engaged in willful misconduct."

Plaintiff's motion for judgment does not allege "willful misconduct," but does claim "gross, willful, and wanton negligence." Several premature issues are raised here, such as: Is "willful misconduct" the same standard as "willful and wanton negligence"?; Is statutory immunity a defense to gross negligence?; Does Couch's status as a "volunteer" provide no immunity?; and Was Couch's act to erect the cable in question an "official act" approved by the Little League Board of Directors? These issues are premature at this plea of immunity stage of the case.

There needs to be further development by proper pleadings and trial on the merits. Therefore, the court reserves its decision and makes no finding on Couch's plea of statutory immunity at this time.

### Couch: Common Law Immunity

However, Couch also claims he is entitled to common law immunity since he is a director, officer, servant, volunteer, and/or agent of Little League, which the court now finds has charitable immunity. See *Moore v. Warren*, 250 Va. 421, 423, 463 S.E.2d 459 (1995). The court agrees with Couch on this issue.

The court adopts by reference herein all the sound, logical reasoning, cited case law, and legal arguments by Little League and Couch in their written

124

briefs and declares that they both have charitable immunity. Wherefore, the Pleas of Charitable immunity are sustained.

Counsel for Little League and Couch shall prepare a final order for entry dismissing them as parties.