# CIRCUIT COURT OF THE CITY OF RICHMOND

Jacqueline L. Rogers,
Administratrix of
the Estate of
Ronald Joe Rogers,
deceased

v.

Virginia Blood Services

April 7, 2004

Case No. LR-636-4

BY JUDGE RANDALL G. JOHNSON

This is a wrongful death case. It is before the court on defendant's plea of charitable immunity. An evidentiary hearing was held on March 29.

The motion for judgment alleges that plaintiff's husband and decedent, Ronald Joe Rogers ("Rogers"), died following a liver transplant at the University of Virginia Medical Center in Charlottesville on September 26, 2002. According to the motion for judgment, the cause of death was contaminated blood administered to Rogers during the transplant. The blood was provided by the defendant, Virginia Blood Services. It is Virginia Blood Services' contention that it is immune from suit under the doctrine of charitable immunity.

"It is a well-settled rule in Virginia that charitable institutions are immune from liability based upon claims of negligence asserted by those who accept their charitable benefits." *Thrasher v. Winand*, 239 Va. 338, 340, 389 S.E.2d 699 (1990). *See also Bhatia v. Mehak, Inc.*, 262 Va. 544, 546, 551 S.E.2d 358 (2001); *Bailey v. Lancaster Ruritan Recreation*, 256 Va. 221, 224, 504 S.E.2d 621 (1998); *Moore v. Warren*, 250 Va. 421, 422-23, 463 S.E.2d 459 (1995). While other jurisdictions have limited or completely done away with the doctrine, Virginia, for the most part, has not.

We are not unmindful that the trend of decisions in other jurisdictions has been to eliminate, or at least to limit, the principle of immunity. We resist that trend now, just as we did in 1959, in [*Memorial Hospital v. Oakes, Adm'x*, 200 Va. 878, 108 S.E.2d 388 (1959)].

*Hill v. Memorial Hospital, Inc.*, 204 Va. 501, 506, 132 S.E.2d 411 (1963).[1]

Charitable immunity does not extend, however, to "invitees or strangers having no beneficial relationship to the charitable institution." *Thrasher, supra*, at 340-41. Based on the evidence presented at the hearing, the court finds that Virginia Blood Services is not entitled to charitable immunity in this action.

Virginia Blood Services' articles of incorporation describe its purpose as follows:

The Corporation is organized exclusively for charitable, educational and scientific purposes, including:

(a) soliciting and facilitating the donation of human blood by volunteer donors in Virginia, states contiguous to Virginia, and throughout the United States;

(b) analyzing and processing donated blood and supplying blood products to hospitals and outpatient treatment facilities in Virginia, states contiguous to Virginia, and throughout the United States;

(c) improving and advancing the science and practice of blood transfusion therapy in Virginia, states contiguous to Virginia, and throughout the United States; and

(d) managing human blood bank programs in Virginia, states contiguous to Virginia, and throughout the United States.

Nowhere is it stated that a purpose of Virginia Blood Services is to provide blood or blood products to patients. In fact, that is not what it does. Blood and blood products are provided only to hospitals and outpatient treatment facilities, which, in turn, provide it to patients, usually for a price. The court does not believe that such indirect provision of blood and blood

---

[1] After the Supreme Court's decision in *Hill*, which involved a tort claim against a hospital, the General Assembly enacted legislation which drastically altered the doctrine of charitable immunity as it applies to hospitals. *See* Va. Code § 8.01-38. No similar legislation has been enacted with regard to other charitable entities.

products makes the provider a charity or the recipient a charitable beneficiary.

As noted, Virginia Blood Services provides blood and blood products exclusively to hospitals and outpatient treatment facilities. It never provides blood and blood products directly to a patient. The hospital or outpatient treatment facility provides the blood or blood product to the patient and bills the patient for it. In Rogers' case, the bill was $10,330 for "blood storage." Whatever else a charity might be, it is not an organization that allows its beneficiaries to be charged that kind of money for its largess.

The court is unable to find a Virginia charitable immunity case involving the type of "indirect" beneficiary that is present here. There are also no cases holding that a person who pays a fee for a benefit cannot be a charitable beneficiary. In fact, this court sustained a plea of charitable immunity even though the charity charged plaintiff's basketball team $500 to participate in its basketball league. *Gaines v. YMCA*, 32 Va. Cir. 346 (1994). Almost all of the cases, however, indicate that no fee was charged or that whatever fee was charged was nominal. *See, e.g., Bhatia v. Mehak, Inc., supra*, at 545 (food and food service provided without charge); *Mooring v. Virginia Wesleyan College*, 257 Va. 509, 511, 514 S.E.2d 619 (1999) (person seeking immunity received "no extra compensation"); *Moore v. Warren, supra*, at 422 (alleged tortfeasor an "unpaid volunteer"); *Straley v. Urbanna Chamber of Commerce*, 243 Va. 32, 34, 413 S.E.2d 47 (1992) (no charge for admission to parade and festival at which plaintiff was injured); *Purcell v. Mary Washington Hospital*, 217 Va. 776, 777, 232 S.E.2d 902 (1977) (hospital's charter provided that it was to be "purely benevolent and charitable and no fee is required"); and others too numerous to cite. In fact, of the five cases that are cited and in which no fee or charge was assessed, only one, *Moore v. Warren*, resulted in a finding of charitable immunity. It would be strange, indeed, if such a finding results in a case where the supposed beneficiary was charged more than $10,000. Virginia Blood Services' plea will be overruled.