# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### ASSIGNED ON BRIEFS OCTOBER 11, 2010

## CLAYTON WARD v. ILLINOIS CENTRAL RAILROAD COMPANY

**Interlocutory Appeal from the Circuit Court for Shelby County**
**No. CT-006235-07     Jerry Stokes, Judge**

_____

**No. W2010-00950-COA-R9-CV - Filed January 20, 2011**

_____

Plaintiff, a railroad employee, filed this lawsuit pursuant to the Federal Employers' Liability Act, alleging that his left ankle injury was caused by his working conditions. The railroad filed a motion for summary judgment based upon the three-year statute of limitations. The trial court denied the motion for summary judgment but subsequently granted the railroad's motion for permission to seek an interlocutory appeal. We granted the railroad's application for an interlocutory appeal and now affirm the trial court's decision to deny the motion for summary judgment.

**Tenn. R. App. P. 9; Interlocutory Appeal; Judgment of the Circuit Court Affirmed and Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

S. Camille Reifers, Emily C. Webster, Brooks E. Kostakis, Memphis, Tennessee, for the appellant, Illinois Central Railroad Company

No appearance on behalf of the appellee.

## OPINION

### I.  FACTS & PROCEDURAL HISTORY

Clayton Ward ("Plaintiff") began working for Illinois Central Railroad Company ("Illinois Central") as a carman in April of 2003, when he was thirty years old. Initially, he worked inside a car shop, where he inspected and repaired train cars. After four to five months, however, he began working outside in the train yard, where he was required to walk along the length of the trains and inspect the railcars for defects.

Toward the end of 2004, Plaintiff began to experience swelling and pain in his left ankle. Plaintiff could not recall any particular activity that he was engaged in when he first felt pain in his ankle. He said he had no "warning symptoms," but the pain gradually got worse every day for a couple of weeks. Plaintiff described the pain and swelling as "mainly constant," and he said he did not get any relief from his symptoms at night. Plaintiff said that his ankle would hurt worse when he walked on the ballast when inspecting trains, but that he had problems walking at home as well. He had no problems with his right ankle.

After experiencing these symptoms for two to three weeks, Plaintiff sought medical attention at Campbell Clinic in November 2004. An orthopedic surgeon diagnosed Plaintiff with posterior tibial tendinitis. He gave Plaintiff a "walking boot," ordered physical therapy, and placed him on medical leave from his employment. Plaintiff was later told to discontinue physical therapy and to limit movement of his ankle. Thereafter, he was placed in an "Aircast" brace. In April of 2005, Plaintiff was released from his physician's care and allowed to return to work. According to Plaintiff, his ankle seemed to be fine at that point. Plaintiff passed a required medical examination and was determined to be qualified by Illinois Central's Medical Department, whose findings included a "normal [left] ankle [and] foot exam."

Plaintiff was not placed under any work restrictions by his physician, but for whatever reason, when he returned to Illinois Central, he went to work inside the car shop again. He worked there for approximately two years until April of 2007, when he accepted a position in the train yard performing the same duties that he had previously performed there. Around June of 2007, Plaintiff again began to experience pain and swelling in his left ankle. He was again diagnosed with posterior tibial tendinitis, and he underwent surgery in order to have his damaged tendon replaced in October 2007.

On December 17, 2007, Plaintiff filed this lawsuit against Illinois Central pursuant to the Federal Employers' Liability Act ("FELA"). He alleged that Illinois Central required him "to work in unsafe working conditions that required him to walk for long periods of time

on hard, uneven surfaces." He alleged that he began experiencing pain in his left ankle while employed by Illinois Central and that his working conditions "ultimately resulted in a severe and permanently disabling cumulative trauma disorder to Plaintiff's left ankle."[1]

Illinois Central filed an answer asserting, among other things, that Plaintiff's claim was barred by the three-year statute of limitations for FELA claims. Illinois Central claimed that Plaintiff knew or should have known that his medical condition was caused by work-related activities more than three years prior to the filing of his complaint. Illinois Central subsequently filed a motion for summary judgment, asking the court to find as a matter of law that Plaintiff failed to timely file his complaint. It relied upon Plaintiff's deposition testimony and medical records, which indicated that Plaintiff began experiencing problems with his left ankle by at least October of 2004. Thus, Illinois Central contended that Plaintiff's December 17, 2007 complaint was time-barred.

Plaintiff filed a response to the motion for summary judgment in which he argued that a genuine issue of material fact existed as to the timeliness of his claim. Although Plaintiff conceded that his ankle problems dated back to October 2004, he claimed that there was no evidence in the record demonstrating that he knew or should have known that the cause of his injury was work-related more than three years prior to the filing of his complaint. Plaintiff pointed out that his first "Request for Leave of Absence" form, dated December 6, 2004, listed the reason for the request as "Personal Illness" rather than "Injury." A November 15, 2004 record from his first appointment at Campbell Clinic stated,

> Clayton Ward comes in today for evaluation of pain in his left ankle. He has been having trouble now for at least a month or so. He does not remember any specific injury. He just started having pain and swelling on the posteromedial aspect of his ankle.

During his deposition, Plaintiff testified that he first suspected that his ankle injury was work-related when he went back to work in the train yard in 2007 and began experiencing the same problems with his left ankle that he had experienced in 2004. Nevertheless, he had stated on his 2007 "Request for Medical Leave" form that his illness or injury was not work-related.

---

[1] In his discovery responses, Plaintiff characterized his injuries as "cumulative in nature" and stated that they developed over a period of time. Regarding causation, he testified during his deposition that he believed his left ankle injury was caused by walking on the loose ballast and attempting to maneuver around puddles, holes, and debris in the train yard, where he was sometimes confined to a space of approximately three feet between train cars. He said that he was required to walk between five and ten miles per day in such conditions on uneven terrain.

The trial court denied Illinois Central's motion for summary judgment, finding that a material issue of fact remained with regard to the accrual date of Plaintiff's cause of action. Illinois Central subsequently filed a motion to alter or amend, pointing out that in Plaintiff's interrogatory responses, he said that he was told by a supervisor during orientation "that the rocks in the railyard were too big, but that nothing would be done about them." Illinois Central contended that this statement at orientation, along with the other evidence presented, allowed a reasonable person to reach but one conclusion regarding whether Plaintiff knew or should have known the cause of his left ankle injury prior to December 17, 2004. The trial court disagreed and denied the motion to alter or amend. However, the court subsequently granted Illinois Central's motion for permission to seek an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. This Court entered an order granting Illinois Central's application for an interlocutory appeal on June 2, 2010.

## II. ISSUES PRESENTED

On appeal, Illinois Central contends that the trial court erred in denying its motion for summary judgment and its motion to alter or amend because, according to Illinois Central, the record demonstrates that Plaintiff knew, or should have known, of both his injury and its cause by October of 2004.

## III. DISCUSSION

The Federal Employers' Liability Act provides, in relevant part:

> Every common carrier by railroad while engaging in commerce . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

**45 U.S.C.A. § 51.** A FELA claim can be brought in either federal or state court. **45 U.S.C.A. § 56.** Federal substantive law always controls FELA claims, but FELA claims brought in state courts are subject to state procedural rules. *Mills v. CSX Transp., Inc.*, 300 S.W.3d 627, 631 (Tenn. 2009) (citing *St. Louis Sw. Ry. Co. v. Dickerson*, 470 U.S. 409, 411, (1985)). Thus, we apply Tennessee Rule of Civil Procedure 56 to evaluate whether Illinois Central is entitled to summary judgment. *See id.*

A motion for summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **Tenn. R. Civ. P. 56.04.** "The party seeking the summary judgment has the burden of demonstrating that no genuine disputes of material fact exist and that it is entitled to a judgment as a matter of law." *Green v. Green*, 293 S.W.3d 493, 513 (Tenn. 2009) (citing *Martin v. Norfolk S. Ry.*, 271 S.W.3d 76, 83 (Tenn. 2008); *Amos v. Metro. Gov't of Nashville & Davidson County*, 259 S.W.3d 705, 710 (Tenn. 2008)). "If reasonable minds could justifiably reach different conclusions based on the evidence at hand, then a genuine question of fact exists." *Id.* at 514 (citing *Martin*, 271 S.W.3d at 84; *Louis Dreyfus Corp. v. Austin Co.*, 868 S.W.2d 649, 656 (Tenn. Ct. App. 1993)). "If, on the other hand, the evidence and the inferences reasonably drawn from the evidence would permit a reasonable person to reach only one conclusion, then no material factual dispute exists, and the question can be disposed of as a matter of law." *Id.* (citing *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002); *Seavers v. Methodist Med. Ctr. of Oak Ridge*, 9 S.W.3d 86, 91 (Tenn. 1999)).

The resolution of a motion for summary judgment is a matter of law, which we review de novo with no presumption of correctness. *Martin*, 271 S.W.3d at 84. However, "we are required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring the nonmoving party." *Id.* (citing *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000)). "[I]t is not the role of a trial or appellate court to weigh the evidence or substitute its judgment for that of the trier of fact." *Id.* at 87 (citing *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993)). Summary judgment is appropriate "when the undisputed facts, as well as the inferences reasonably drawn from the undisputed facts, support only one conclusion–that the moving party is entitled to a judgment as a matter of law." *Green*, 293 S.W.3d at 513 (citing *Griffis v. Davidson County Metro. Gov't*, 164 S.W.3d 267, 283-84 (Tenn. 2005); *Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 620 (Tenn. 2002)).

Illinois Central contends that there is no genuine issue of material fact and that the record clearly demonstrates that Plaintiff's cause of action for his left ankle injury accrued "no later than October 2004." A FELA claim must be commenced "within three years from the day the cause of action accrued." **45 U.S.C.A. § 56.** "Although 'accrual' of a cause of action, for the purposes of a statute of limitations, generally takes place 'when there has been a violation of legally protected interests,' or 'when the tortious event is committed,' some injuries and causes are so latent as to elude discovery at the time of the injury-causing event." *Fonseca v. Consol. Rail Corp.*, 246 F.3d 585, 588 (6th Cir. 2001) (quoting *Hicks v. Hines Inc.*, 826 F.2d 1543, 1544 (6th Cir.1987)). In order to determine when a FELA cause of action accrues, "one of two rules applies: the time-of-event rule, or the discovery rule." *Id.*

"The time-of-event rule applies to situations in which a traumatic event occurs, resulting in a noticeable injury, even if the full manifestation of the harm remains latent." *Id.* The discovery rule applies "when no significant injury is discernable at the time of the tortious event, or if the cause of an injury is not apparent." *Id.* Under the discovery rule, the statute of limitations "begins to run as soon as the injured party is 'in possession of the critical facts' necessary to discover that a potential cause of action exists– namely, 'that he has been hurt and who has inflicted the injury.'" *Hensley v. CSX Transp., Inc.*, 278 S.W.3d 282, 288 (Tenn. Ct. App. 2008), *perm. appeal denied* (Tenn. Nov. 17, 2008), *rev'd on other grounds*, 129 S. Ct. 2139 (U.S. 2009) (quoting *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). "[A]n affirmative duty to investigate one's symptoms and their causes arises when a claimant 'should have known' that such an investigation was needed; in these cases, the statute of limitations will 'start[] to run when a reasonable person would know enough to prompt a deeper inquiry[.]'" *Id.* (quoting *Nemmers v. United States*, 795 F.2d 628, 631 (7th Cir.1986)). In other words, the cause of action is deemed to have accrued "when the plaintiff reasonably should have discovered both cause and injury." *Fonseca*, 246 F.3d at 588 (citing *Hicks*, 826 F.2d at 1544). The question that must be answered, therefore, is not simply when Plaintiff was first diagnosed with the subject injury, but when he first knew–or should have known–of both critical facts: (1) that he had the injury, and (2) that it was caused by Illinois Central. *See Hensley*, 278 S.W.3d at 288.

It is undisputed in this case that Plaintiff knew of his left ankle injury in October 2004. Illinois Central argues that Plaintiff should have known the cause of his injury because he had never had problems with his left ankle prior to working for Illinois Central, his pain and swelling began after he was moved to the train yard, and his pain became worse when walking on the ballast. Reviewing the evidence in the light most favorable to Plaintiff, we respectfully disagree with Illinois Central's assertion that this evidence entitles it to a judgment as a matter of law. Plaintiff testified that he could not recall any particular activity that he was engaged in when he first felt pain in his ankle, and his medical records also state that he did not remember any specific injury. Plaintiff also testified that his pain was "mainly constant" and that he did not get any relief from his symptoms at home or at night. Although his problems did begin after moving to the train yard, he had been working there for over a year when the problems began. In addition, Plaintiff had no problems with his right ankle. Illinois Central points to the fact that Plaintiff was told at orientation "that the rocks in the railyard were too big," but even with this statement, we nevertheless conclude that a genuine issue of material fact remains regarding when Plaintiff should have known that his injury was work-related. As the Eastern Section of this Court stated in *Hensley*, "Perhaps a jury could conclude that Employee had a vague suspicion of his injuries and their causes, but we agree with the Supreme Court of Virginia that '[a]n employee's *mere suspicion* of an injury or its probable cause, standing alone, is not the operative standard for determining when a cause

of action accrues under FELA.'"[2] 278 S.W.3d at 290 (quoting *Gay v. Norfolk & W. Ry. Co.*, 253 Va. 212, 483 S.E.2d 216, 217 (1997)).

Certainly, a reasonable jury could legitimately resolve this issue in favor of one side or the other. Therefore, a genuine issue of material fact remains as to whether Plaintiff should have known that his left ankle injury was work-related prior to December 17, 2004. *See* **Martin**, 271 S.W.3d at 84. Because Illinois Central failed to satisfy its burden of showing the absence of a material factual dispute with regard to the statute of limitations, the trial court properly denied its motion for summary judgment.

## IV.  CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court and remand for further proceedings. Costs of this appeal are taxed to the appellant, Illinois Central Railroad Company, and its surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

---

[2] The Virginia Supreme Court explained that all the relevant evidence must be considered, including such factors as "the degree of inquiry made by the employee, the number of possible causes of the injury, whether medical advice indicated no causal connection between the injury and the workplace, the complexity of the employee's symptoms, the expert knowledge or diagnostic skill of the medical doctors or experts consulted, and the existence of a medically recognized and documented causal link between the employee's symptoms and his working conditions." **Gay**, 483 S.E.2d at 219 (citations omitted).