STEPHEN LEE THRASHER

V.

RICHARD L. WINAND, ET AL.

Record No. 890358

March 2, 1990

Present: All the Justices

*William T. Wilson* for appellant.
No brief or argument for appellee Richard L. Winand.
*Jane S. Glenn (James C. Joyce, Jr.; Gentry, Locke, Rakes & Moore*, on brief), for appellee Mountain Magic, Inc.

JUSTICE RUSSELL delivered the opinion of the Court.

This personal-injury appeal turns on the question whether the plaintiff was, at the time of his injury, accepting the benefits of the charitable activities of the defendant, a charitable organization, thus giving rise to the defense of charitable immunity.

Stephen Lee Thrasher, the plaintiff, was a resident of Botetourt County, near the town of Buchanan. In 1984, he became a member of a club called "Purgatory Four Wheelers" (Purgatory) which was comprised of owners of four-wheel-drive trucks. Thrasher was an active member of that organization at the time of his injury.

In 1984, a group of citizens in the town of Buchanan formed a non-stock, non-profit Virginia corporation named Mountain Magic, Inc. (Mountain Magic). The corporate purpose was to organize and promote an annual "Spring Festival" in Buchanan, to engage in other community activities, and to donate its net earnings to local charities. Its charitable nature is undisputed.

During the 1986 annual Spring Festival, Mountain Magic, with the town's cooperation, barricaded Buchanan's Main Street, which was also U.S. Route 11, temporarily reserving the street for pedestrian traffic. Mountain Magic encouraged various organizations to set up booths along the street where food, handicrafts, and other products were sold to those attending the festival. The vendors took advantage of the occasion to raise funds for their own purposes, which were not necessarily of a charitable nature. They were required to divide their profits, however, with Mountain

Magic, which contributed its share, after the payment of expenses, to charitable endeavors in the town and in nearby areas of Botetourt County.

Purgatory was a food vendor at Mountain Magic's Spring Festival in 1985 and 1986. Thrasher worked at Purgatory's booth both years. On Sunday, May 4, 1986, while the Spring Festival was nearing its end, Thrasher left Purgatory's booth between 3:30 and 4:00 p.m. Purgatory had "sold out" and there was little activity at the festival, although it was not due to close until 6:00 p.m.

After leaving the booth, Thrasher, riding a motorcycle, visited the home of a friend and then proceeded south through the town on Main Street between 5:45 and 6:00 p.m., intending to go to a grocery store "to get a soda." He testified that the barricades had been removed from the lane in which he was traveling, leaving it an "open lane." The barricades remained in place on other parts of the road. Thrasher alleged that as he approached the intersection of Main and Lowe Streets, he saw a truck, operated by Richard L. Winand, approaching in the northbound lane of Main Street, preparing to turn left onto Lowe Street. Thrasher thought the truck was coming to a stop, and proceeded into the intersection. The truck then turned in front of him, crossing his lane, and a collision resulted in which Thrasher sustained serious injuries. He contended that the placement of the partial barricades was a contributing cause of the collision.

Thrasher brought this action against the Town of Buchanan, Mountain Magic, and Winand. The town raised the defense of sovereign immunity by demurrer. The court sustained the demurrer and dismissed the town as a party. That ruling was not appealed and is now final. Mountain Magic responded, raising the defense of charitable immunity. The court held an evidentiary hearing and, in a written opinion, held that Thrasher was, as a member of Purgatory, receiving the benefit of Mountain Magic's charitable activities at the time of the accident. We granted Thrasher an appeal from the final order, entered January 20, 1989, which sustained the plea of charitable immunity and dismissed Mountain Magic as a party.

It is a well-settled rule in Virginia that charitable institutions are immune from liability based upon claims of negligence asserted by those who accept their charitable benefits. *Weston's Adm'x. v. St. Vincent, etc.*, 131 Va. 587, 601, 107 S.E. 785, 790 (1921). That immunity does not extend, however, to invitees or

strangers having no beneficial relationship to the charitable institution. *Hospital Association* v. *Hayes*, 204 Va. 703, 707, 133 S.E.2d 559, 562 (1963); *Hospital of St. Vincent* v. *Thompson*, 116 Va. 101, 116, 81 S.E. 13, 18 (1914). The parties in the present appeal agree that the dispositive question is whether Thrasher is to be deemed a beneficiary of Mountain Magic's charitable activities at the time of the accident.

Mountain Magic's articles of incorporation state as its purpose: "[t]o operate a non-stock, non-profit organization to create a greater awareness and visibility of the community of Buchanan, Virginia and to organize, promote, finance and supervise an annual Spring Festival . . . to be known as Mountain Magic in May." Two members of Mountain Magic's board of directors testified to the nature of its charitable activities. They stated that the funds the organization raised had been donated, in the board's discretion, to the families of several cancer patients, to a family whose home was burned, to a flood relief program, to the restoration of a town clock, to the local Boy Scout troop, and to the local Rescue Squad.

As noted above, craftsmen and vendors of food and merchandise were encouraged to set up booths during the festival in which they could sell their wares to the public. Some of these organizations, such as service clubs, were themselves charitable in nature, some were purely commercial, and some, like Purgatory, were essentially social. Each such organization raised money for its own purposes but none may be characterized as a beneficiary of Mountain Magic's charitable activities. All participants contracted with Mountain Magic for the right to participate in the festival in return for the payment of an agreed consideration. Craftsmen paid a fixed fee and vendors paid Mountain Magic a share of their receipts. We therefore conclude that Purgatory was not, as an organization, a beneficiary of Mountain Magic's charitable activities. Therefore, Thrasher did not become a vicarious beneficiary by virtue of his membership in Purgatory or his participation in Purgatory's activities at the festival.

The trial court also considered, as an additional factor supporting charitable immunity, Thrasher's status as a resident of the community eligible to receive Mountain Magic's charitable benefits should he need them in the future. Although the court did not regard this potential benefit as dispositive in itself, the court ex-

pressed the view that Thrasher's eligibility strengthened Mountain Magic's claim to charitable immunity. We do not agree.

In our view, mere membership in a class eligible to receive future benefits, conditioned upon circumstances which might never occur, is too remote and speculative to be considered. Similarly, Mountain Magic's pursuit of its corporate purpose to "create a greater awareness and visibility of the community of Buchanan" confers indirect benefits which are too remote to give rise to the defense of charitable immunity.

The beneficiaries of Mountain Magic's charity were only those to whom its board of directors donated the proceeds of its fund-raising activities, a category to which Thrasher did not belong. Accordingly, the defense of charitable immunity may not be asserted against him. Because the court erred in sustaining Mountain Magic's plea of charitable immunity, we will reverse the judgment and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*