## EVELYN H. STRALEY

### V.

## URBANNA CHAMBER OF COMMERCE, ET AL.

Record No. 910450

January 10, 1992

Present: All the Justices

*George T. Albiston (Virginia K. Shema; Breit, Drescher & Breit*, on brief), for appellant.

*Michelle ReDavid Rack (George J. Dancigers; Heilig, McKenry, Fraim and Lollar*, on brief), for appellees.

JUSTICE COMPTON delivered the opinion of the Court.

The dispositive question in this personal injury action is whether the plaintiff, at the time of her injury, was a beneficiary of the activities of the defendant charitable organization so as to bar her action under the doctrine of charitable immunity.

Appellant Evelyn H. Straley alleges she was negligently injured on November 7, 1987 while a spectator at a parade conducted as a part of the Urbanna Oyster Festival in the Town of Urbanna, Middlesex County. The plaintiff sued the Urbanna Chamber of Commerce, the Urbanna Oyster Festival Committee, and Pat Lischke, parade chairman. The plaintiff claims she was struck in the eye by a piece of candy thrown into the crowd of spectators by an unidentified person dressed as a clown. She alleges that defendants were negligent in failing to promulgate proper rules and regulations for behavior of parade participants and in failing to supervise them properly.

The defendants filed a plea of charitable immunity. Following an evidentiary hearing, the trial court sustained the plea. We awarded the plaintiff an appeal from the December 1990 order dismissing the action.

The facts are uncontradicted. The Urbanna Chamber of Commerce is a nonstock, nonprofit Virginia corporation organized for "the purely charitable purpose of promoting the Town of

Urbanna, Virginia, and providing a means by which to stimulate economic growth in the area," according to the corporate charter. The corporate bylaws state that the Chamber "is organized for the purpose of advancing the commercial and civic interests of the Town of Urbanna and the surrounding area." Under the bylaws, any person or other legal entity "having an interest in the purposes of the Chamber shall be eligible for membership." Members pay annual dues and, according to the charter, "No part of the income or assets of the corporation shall inure to the benefit of any individual." The Chamber, which has been exempt from federal and state income taxes since 1976, is governed by an Executive Board whose members serve without pay.

The Chamber's principal source of revenue is the annual Urbanna Oyster Festival which has been held since 1958 and which now attracts over 60,000 visitors to the town for the two-day event. The festival is organized and operated by defendant Oyster Festival Committee, composed of about 25 members of the Chamber who volunteer their services.

The calendar of events for the 1987 festival included street sales, a carnival, display of arts and crafts, appearance of "tall ships" in the town's harbor, "entertainment throughout [the] town," an oyster shucking contest, and a Saturday parade with clowns, marching bands, majorette groups, antique cars and special floats. No charge was made for admission to the parade or to the rest of the festival.

Included in the Chamber's festival revenue are monies from food and craft vendors who pay a fee to sell their wares at the festival. According to the testimony, these fees are "probably the largest fund raising avenue for the Lion's Club, the Kiwanis Club, the Boy Scouts, and the Woman's Club and everybody else."

The revenues, including the Chamber's membership fees and funds raised by sales of items at the festival, are used to pay operating expenses of the Chamber and the festival. Any excess monies left after payment of expenses are used to help fund the next year's festival or are contributed to the local fire department, area rescue squads, the town library, and "a number of charitable causes."

The trial court, based on the facts developed during the evidentiary hearing, found that the Chamber "is a non-profit civic organization which is formed and operated for charitable purposes including the promoting of civic welfare and community spirit"

and that the Chamber sponsors the festival "as a means of accomplishing its charitable purposes." The court also found that the Festival Committee "is part of and legally indistinguishable from" the Chamber. The court held that the Chamber and the Committee "are entitled to the benefit of the doctrine of charitable immunity," and that defendant Lischke, the festival chairman, was an agent of the Chamber and "is cloaked with the charitable immunity afforded to this charitable organization." Because of the view we take of the case, we will assume without deciding that all the foregoing findings of fact and conclusions of law are correct.

This brings us to the dispositive question on appeal. The trial court also ruled "that the plaintiff, . . . who was a participant of the Festival and a spectator at the . . . Parade, . . . was a beneficiary of the bounty of the Urbanna Chamber of Commerce's charitable purposes at the time she allegedly was injured," and thus her action was barred. The facts relevant to this issue likewise are uncontradicted.

The plaintiff is a resident of Norfolk which, according to a festival brochure, is 62 miles from Urbanna. At the time of the accident, the plaintiff was attending the festival for the tenth time. She first learned about the festival from friends; she has attended each year with these friends and members of her family. She comes to the festival to "have a good time," because "it's a nice Festival . . . . We really enjoy it." According to the plaintiff, she and her husband "do all our shopping" at the festival buying "food and our sandwiches and our oysters." Summarizing her activities at the festival, the plaintiff, who still attends the event, said she does "a lot of shopping, walking, like . . . most of the crowd does. Shopping and walking."

She denied receiving "any pecuniary benefit, that is, any money or goods or services or anything, from any member of the Urbanna Oyster Festival Committee or the Urbanna Chamber of Commerce." She also denied receiving "any benefit from any charities, whether it be the Lion's Club or the Cancer Society or any of the clubs or organizations which participate in the Urbanna Oyster Festival."

According to the doctrine of limited immunity applicable to charities in Virginia, a charitable institution is immune from liability to its beneficiaries for negligence arising from acts of its servants and agents, if due care has been exercised in their selection and retention. *Thrasher* v. *Winand*, 239 Va. 338, 340, 389

S.E.2d 699, 701 (1990); *Hill* v. *Leigh Memorial Hosp., Inc.*, 204 Va. 501, 507, 132 S.E.2d 411, 415 (1963). That immunity does not extend, however, to a person who is not a beneficiary but who is an invitee or a stranger having no beneficial relation to the charitable institution. *Thrasher,* 239 Va. at 340-41, 389 S.E.2d at 701; *Roanoke Hosp. Ass'n* v. *Hayes*, 204 Va. 703, 707, 133 S.E.2d 559, 562 (1963). *See* Code § 8.01-38 (charitable immunity of hospitals restricted).

Defendants contend that the trial court correctly ruled that the plaintiff was a beneficiary of the bounty of the Chamber's charitable purposes at the time of the accident. They say that, as a Norfolk resident, the plaintiff is a member of the community which the Chamber "specifically invited to attend the Oyster Festival"; the evidence showed that the festival is promoted throughout Virginia including the Norfolk area. The defendants argue that the plaintiff "was, and had been for many years, the recipient of every benefit that the Oyster Festival has to offer." Listing all the activities available at the festival, defendants say that the plaintiff participated in every one and that, at the time of the accident, she was watching the parade, "a primary attraction at the festival." Summarizing, the defendants contend: "As a member of the community who was attending and participating in this major community project, she is one of the prime beneficiaries of the Urbanna Chamber of Commerce's good works." We do not agree with the defendants.

In *Thrasher*, we dealt with a similar situation. There, the purpose of a charitable organization, Mountain Magic, Inc., was "to create a greater awareness and visibility of the community of Buchanan" and to organize and promote an annual "Spring Festival" in the town. *Thrasher*, 239 Va. at 341, 389 S.E.2d at 701. The plaintiff belonged to a club whose members sold food from a booth at the festival. After having worked at the booth, plaintiff was injured as he was driving a motorcycle which collided with a truck at a street intersection in the town. He sued Mountain Magic claiming that negligent placement of street barricades caused the accident.

Reversing the trial court, which sustained Mountain Magic's plea of charitable immunity, we held that the plaintiff was not deemed a beneficiary of Mountain Magic's charitable activities at the time of the accident. We pointed out that some of the festival's craftsmen and vendors of food were service clubs,

some were themselves charitable, and some, like the group to which the plaintiff belonged, were essentially social. We noted that each such organization raised money for its own purposes by selling their wares to the public but that none could be classed as a beneficiary of the charitable activities of Mountain Magic, which donated its net earnings to local charities. Because the plaintiff's organization was not a beneficiary of Mountain Magic's charitable activities, we concluded that the plaintiff "did not become a vicarious beneficiary" as the result of his membership in the organization or by his participation in the organization's activities at the festival. *Id.*

The trial court in *Thrasher* considered that the plaintiff's status as a resident of the community eligible to receive Mountain Magic's charitable benefits in the future strengthened Mountain Magic's claim to immunity. We disagreed, stating that "mere membership in a class eligible to receive future benefits, conditioned upon circumstances which might never occur, is too remote and speculative to be considered. Similarly, Mountain Magic's pursuit of its corporate purpose to 'create a greater awareness and visibility of the community of Buchanan' confers indirect benefits which are too remote to give rise to the defense of charitable immunity." *Id.* at 342, 389 S.E.2d at 701. We also said that Mountain Magic's beneficiaries "were only those to whom its board of directors donated the proceeds of its fund-raising activities, a category to which [the plaintiff] did not belong." *Id.*

■ Building on these principles, we conclude that the plaintiff was not a beneficiary of the Chamber's purpose in conducting the festival, which was to advance "the commercial and civic interests of the Town of Urbanna and the surrounding area." She was not a resident of the town. And, one who resides 62 miles from the town cannot be said to be a resident of its "surrounding area," within the meaning of the stated corporate purpose. Furthermore, the evidence was undisputed that the plaintiff received no pecuniary benefits from the funds generated by the festival or contributed by the Chamber to any of its charities.

■ The relationship between the Chamber and the plaintiff, a member of the public attending the festival, is too attenuated and indirect to classify her as a beneficiary of the Chamber's charitable activities. She was a mere invitee to whom the defendants owed the duty of reasonable care. *Compare Roanoke Hosp. Ass'n v. Hayes, supra* (private duty practical nurse employed by patient

at charitable hospital held invitee of hospital and not beneficiary of its charity), *and Walker* v. *The Memorial Hosp.*, 187 Va. 5, 45 S.E.2d 898 (1948) (plaintiff injured in fall at charitable hospital after visiting husband, a patient, occupied status of invitee) *with Egerton* v. *R.E. Lee Memorial Church*, 395 F.2d 381 (4th Cir. 1968) (plaintiff, North Carolina citizen, injured in fall while viewing sanctuary and stained glass windows of historic Lexington, Virginia church, held beneficiary of church's bounty), *Bodenheimer* v. *Confederate Memorial Ass'n*, 68 F.2d 507 (4th Cir. 1934) (visitor who fell on grounds of Richmond building containing portraits and other historical data held beneficiary of institution), *and Ettlinger* v. *Trustees of Randolph-Macon College*, 31 F.2d 869 (4th Cir. 1929) (student at Randolph-Macon Academy, injured when Academy destroyed by fire, held beneficiary of charitable activities of institution). *See generally* Janet Fairchild, Annotation, *Tort Immunity of Nongovernmental Charities - Modern Status*, 25 A.L.R. 4th 517, § 7, § 15 (1983 & Supp. 1991).

Consequently, we hold that the trial court erred in sustaining the plea of charitable immunity. We will reverse the order of dismissal and remand the case for further proceedings.

*Reversed and remanded.*