58

# CIRCUIT COURT OF LANCASTER COUNTY

Bailey

v.

Lancaster Ruritan
Recreation Center, Inc.

June 6, 1997

BY JUDGE JOSEPH E. SPRUILL, JR.

The plaintiff here is the administrator of the estate of her daughter who drowned while swimming in a pool owned and operated by Lancaster Ruritan Recreation Center, Inc. (LRRC). In response to her action against LRRC for damages, LRRC filed a plea of charitable immunity. A hearing on the plea was held May 8, 1997. The Court has considered the able arguments made at the hearing and has studied the memoranda and authorities submitted by counsel. The Court is of the opinion that the plea in bar should be sustained.

LRRC is a non-stock corporation chartered in 1964. Its corporate purposes, as stated in its charter, are to operate a civic center, club, social, or recreation center and to provide funds for the carrying on of religious, charitable, scientific, literary, historical, or educational programs. The charter provides that no part of the funds of the corporation should inure to the benefit of any member of the corporation. Since its creation, the corporation has operated a recreation center in the village of Lively, consisting of a swimming pool, baseball field, tennis court, and concession stand. The facilities have been utilized primarily by members and guests of the recreation center as well as members of the general public.

The corporation files state and federal income tax returns. Returns prior to 1980 were not available. Since 1980 the corporation has reported a profit in only two years: in 1991 its profit was $2,882.01 and in 1993 its profit was $665.00. In all other years the returns indicate a loss. The corporate treasurer keeps the books of the corporation, receives its income, and pays its bills and is paid a salary of $600.00 per year. The corporate secretary keeps the minutes

and other records of the corporation and is paid a salary of $200.00 per year. Neither has been paid for the past two years due to lack of funds. The corporation pays property taxes to Lancaster County. It has made no contributions for any religious, scientific, literary, or historical purpose but does make its facilities available to the American Red Cross, Boy Scouts of America, and to the Young Men's Christian Association for educational purposes from time to time. The goal of the organization, as stated by its present treasurer, is to break even and use whatever revenue becomes available to maintain the facilities.

As of January 1997, because LRRC did not have funds to maintain or operate the pool, it leased the pool to the YMCA for $1.00 per year.

The issue to be decided is whether LRRC is a charitable organization.

"The test which determines whether an organization is charitable or otherwise is its purpose, that is, whether or not it is maintained for gain, profit, or advantage. The question as to its character may be determined not only from the powers and purposes as defined in its articles of incorporation or charter but also from the manner in which it is conducted." *Danville Community Hosp. v. Thompson*, 186 Va. 746, 43 S.E.2d 882 (1947). There is a presumption that defendant is operating a charitable institution in accordance with its charter purposes. *Memorial Hosp. v. Oakes, Adm'x*, 200 Va. 878 (1959).

In *Thompson*, the Supreme Court found Danville Community Hospital not to be a charitable organization. This was a stock company, its charter contained no suggestion of charitable objectives, and the stockholders, while receiving no fees or dividends, were entitled to free hospital services.

In *Purcell v. Mary Washington Hosp.*, 217 Va. 776 (1977), the Supreme Court again found the hospital not to be a charitable institution. The charter here provided for the issuance of stock, stating that its purpose was to conduct and run a general hospital. The Supreme Court found nothing in the charter which required the organization to conduct its affairs as a charitable institution. Charges were set to break even "and a certain amount above that." The hospital operated at a profit for twenty out of twenty-one years and was aggressive in its debt collections. These factors led the Supreme Court to conclude that Mary Washington Hospital failed to meet the *Thompson* test.

On the other hand, Richmond Memorial Hospital was found to be a charitable organization because it was a non-stock, non-profit corporation. *City of Richmond v. Richmond Memorial Hosp.*, 202 Va. 86 (1960). In *Oakes* the corporation was found to be a charitable institution. This was a non-stock, non-profit corporation whose financial goal was to break even after allowances.

In *Thrasher v. Winand*, 239 Va. 338 (1990), Mountain Magic, Inc., a corporation whose purpose was to promote an annual spring festival in Buchanan and to donate its net earnings to local charities was found to be a charitable organization. In *City of Richmond v. Grand Lodge of Va.*, 162 Va. 471, 174 S.E. 846 (1934), the Masonic Lodge was recognized as a charitable institution.

While the Supreme Court has had many occasions to rule on issues involving the doctrine of charitable immunity, there appear to be only four cases that specifically address the issue here, what determines whether a corporation is charitable. In *Thompson* and in *Mary Washington Hosp.* neither organization had a charitable or benevolent purpose stated in its charter; each was a stock corporation; and each aimed to operate at a profit. Both organizations here were found to be not charitable.

In *Oakes* and in *Richmond Memorial Hosp.*, each was a non-stock corporation with benevolent purposes stated in its charter. Neither operated expressly to make a profit in the conventional sense but rather to break even. The Supreme Court ruled in each case that these were charitable organizations.

The LRRC more closely conforms to these latter two cases. The corporate purposes set forth in the charter of LRRC are clearly charitable. Thus, the presumption is that it is operating as a charitable organization. The corporation has no stockholders; the officers and directors receive no compensation for their services, other than the stipend paid to the secretary and treasurer who maintain the corporate records and accounts; no individual or corporation receives any return from its operation; and its goal is to break even. Any excess funds are used to repair and maintain the existing facilities.

LRRC is, in actuality, a non-profit corporation. Its activities have been consistent with its corporate purposes, which are to provide recreational facilities for the young people and residents in and around the village of Lively. It makes its facilities available to other charitable organizations, such as the Boy Scouts, the American Red Cross, and the YMCA. The corporation has never undertaken to secure a tax exemption pursuant to § 501(c)(3) of Title 26 of the Internal Revenue Code nor from Lancaster County property taxes but this should not necessarily be disqualifying. The Court finds that LRRC is a charitable organization.

Next, we consider whether the plaintiff's decedent was a beneficiary of the charitable activities conducted by LRRC.

In order for charitable immunity to apply, the plaintiff's decedent must be a beneficiary of the charitable activities of LRRC. *Straley v. Urbanna Chamber of Commerce*, 243 Va. 32 (1992).

Here, the plaintiff's decedent was a guest of a member of the association who had come to use the facilities of the association for recreational purposes. She swam in the pool. LRRC's corporate purpose was to establish a recreation center, including a swimming pool, so that members and guests would have facilities to use for their recreation. Whether a fee was paid to defray the costs incurred by the charity has no bearing on the issue because such fees are used for the upkeep and maintenance of the facilities. *Weston's Adm'x v. Hospital of St. Vincent*, 131 Va. 587 (1921).

The plaintiff argues that her decedent was an invitee at the swimming pool and was in no way a beneficiary of the defendant's bounty. There is a distinction to be drawn between *Straley* and *Thrasher* and the case at hand. In *Thrasher* the court found the plaintiff's relationship with the charitable organization to be too remote and speculative. In *Straley*, the plaintiff was found to receive no benefits from the funds generated by the defendant's charitable activities. In this case, the plaintiff's decedent directly benefited by participating in the recreation facility provided by the defendant for that purpose. We must conclude that the plaintiff's decedent was a beneficiary of the bounty of the defendant association.

For these reasons, the plea in bar will be sustained.