## CIRCUIT COURT OF ROANOKE COUNTY

Merlin S. Sink

v.

Vinton Wesleyan Church

October 1999

Case No. CL98-319

By Judge Diane McQ. Strickland

Merlin S. Sink arranged to use the chapel and social hall of Vinton Wesleyan Church for her daughter's wedding and reception on August 24, 1996. She paid a fee of approximately $25.00 for the use of the social hall facilities. Sink alleges that while at the social hall to decorate, she caught her shoe in a gap created by a detached carpet and was thrown into a brick fireplace, severely injuring herself. She has sued the church for negligence, requesting $250,000.00 damages.

The church has filed a plea of charitable immunity claiming that it is a charitable, tax-exempt, nonprofit organization. It alleges that Sink is a beneficiary of its charitable services. In pertinent part, Sink's deposition testimony reveals that she has exclusively attended the church since she was 16 years old and considers it to be her church; she considers its pastor to be her pastor from whom she would seek spiritual guidance; and her children were raised in this church with two of them using its social hall for their wedding receptions.

Sink contends that the doctrine of charitable immunity is not applicable because, at the time of the accident, she was a business invitee. Her argument is based upon the facts that she was not baptized a member of the church and had paid a fee for the use of the social hall. She further relies upon the fact

that the social hall was used by a fee-generating child care center operated during the week by the pastor's wife and run separately from the church.

In Virginia, charitable institutions enjoy limited immunity from tort liability to their beneficiaries. While many jurisdictions have abandoned the concept of charitable immunity, the Supreme Court of Virginia has made clear that the decision to abrogate the doctrine of charitable immunity rests with the General Assembly. *Memorial Hosp., Inc. v. Oakes*, 200 Va. 878 (1959); *Hill v. Lee Mem. Hosp., Inc.*, 204 Va. 501 (1963); *Roanoke Hosp. Assn. v. Hayes*, 204 Va. 703 (1963). The justification for the doctrine of charitable immunity rests on public policy grounds as eloquently stated by Justice Parker in *Ettlinger v. Trustees of Randolph-Macon College*, 31 F.2d 869, 872 (4th Cir. 1929).

> A policy of the law which prevents him who accepts the benefit of a charity from suing it for the torts of its agents and servants, and thus taking for his private use the funds which have been given for the benefit of humanity, which shields gifts made to charity from the "hungry maw of litigation" and conserves them for purposes of the highest importance to the state, carries on its face its own justification, and, without the aid of metaphysical reasoning, commends itself to the wisdom of mankind.

Two issues are raised by a plea of charitable immunity. First, is the church a charitable organization? In support of its claim to be a charitable organization, the church has filed its statement of purpose which provides that its mission is to "spread ... Scriptural Holiness through every land ... Reaching the lost ... Leading believers to heart purity ... Developing a Christian interpretation of life ... Equipping for effective service ... Sharing Christian fellowship." Also filed is a June 1986 letter from the District Director of the Internal Revenue Service granting the church tax-exempt status pursuant to Section 501(c)(3) of the Internal Revenue Code, recognizing that it is organized and operated exclusively for religious educational purposes. Sink advances no argument in opposition to the church's claim to be a charitable organization; accordingly, on the basis of the uncontested documentation filed herein, the court finds that the church is a charitable organization.

The second inquiry is whether the plaintiff is a beneficiary of the church. Charitable immunity does not extend to strangers or invitees who have no beneficial relationship to the charitable organization. *Thrasher v. Winand*, 239 Va. 338 (1990). "[T]o be considered a charitable beneficiary for the purpose

of charitable immunity, a person must be a direct beneficiary through the receipt of money, goods, or services and not merely someone who indirectly receives charitable benefits." Barbara Ann Williams, *Charitable Immunity: What Price Hath Charity?*, 28 U. Rich. L. Rev. 953, 956 (1994). In *Thrasher*, 239 Va. at 324-42, the court held that neither Mr. Thrasher's membership in a club that paid a fee to participate in Mountain Magic's Spring Festival, nor the fact that he was a resident of the community potentially eligible to receive Mountain Magic's benefits in the future was enough to classify him a beneficiary. In *Straley v. Urbanna Chamber of Commerce*, 243 Va. 32, 413 S.E.2d 47 (1992), plaintiff was an annual visitor to the Urbanna Oyster Festival, who was injured when she was struck in the eye by a piece of candy thrown by a clown in the festival parade. She was held not to be a beneficiary of the nonprofit organization because she received no money, goods, or services from any member of the Urbanna Oyster Festival Committee, the Urbanna Chamber of Commerce, or any charities that participated in the festival. *Straley*, 243 Va. at 37, 413 S.E.2d at 50.

Conversely, a visitor who had come to view Lee Chapel as an historical monument and not participate in its religious services was held to be a beneficiary for the purposes of charitable immunity. *Egerton v. R. E. Lee Mem. Church*, 395 F.2d 381 (4th Cir. 1968). The court stated that the church's services were not limited to one day of the week or one kind of service, and it was immaterial that she was not a member of the congregation. By partaking of the adornment of the sanctuary, she was a recipient of an atmosphere conducive to religious devotion and spiritual nourishment that the church provided and became a beneficiary of their charitable purposes. *Egerton*, 395 F.2d at 383-84. Likewise, a circuit judge for the City of Williamsburg ruled that a plaintiff who fell while attempting to enter the Wesley Foundation social hall to attend a luncheon was benefitting from the defendant's charity and, therefore, barred by the doctrine of charitable immunity in advancing her claim. *Roberts v. Wesley Foundation*, 27 Va. Cir. 121 (1992).

In the present case, Sink was utilizing the church's facilities for her daughter's wedding reception at the time that she fell. She was receiving a direct benefit of the church's charitable bounty. The fact that she was not an "official baptized member" does not remove her from the class of individuals who are beneficiaries of the church's services. She had attended the church since the age of 16, considered the pastor to be her pastor, raised her children in the church, and even used the church's facilities previously for another daughter's wedding.

Nor does the payment of a fee bar Sink from being considered a beneficiary for the purposes of charitable immunity. *Bodenheimer v. Confederate Mem. Ass'n*, 68 F.2d 507, 509 (4th Cir. 1934) (visitor to museum became a beneficiary of the charity when she entered the premises for the purpose of viewing its collection); *Ettlinger v. Trustees of Randolph-Macon College*, 31 F.2d 869, 871 (4th Cir. 1929) (payment of tuition by students does not prevent their being considered beneficiaries of the charity). Sink's deposition testimony established that she paid approximately $25.00 for the use of the fellowship hall. The payment of this nominal amount does not remove her from being a beneficiary of the church's services and facilities.

Sink also advances the argument that the church's rental of the social hall during the week to a child care center operated by the pastor's wife separate from the church should estop the church's claim of charitable immunity. There is no suggestion that the money gained by rental of the hall for the child care center is inconsistent with the church's charitable purposes. Nor was Sink's use of the social hall in any way related to the child care center. Rather, she was using the church's facilities to benefit herself and her family and friends.

Vinton Wesleyan Church is a charitable organization. Merlin S. Sink was a beneficiary of its charitable services at the time that she fell in the church's social hall. Accordingly, her claim for damages resulting from alleged negligence by the church is barred by the doctrine of charitable immunity.