## CIRCUIT COURT OF THE CITY OF NORFOLK

Katherine Carroll

v.

Goodwill Industries
of Hampton Roads, Inc.

March 1, 2002

Case No. (Law) L01-2570

BY JUDGE MARC JACOBSON

Katherine Carroll, Plaintiff, has filed a Motion for Judgment alleging that she was a patron at a thrift store operated by Goodwill Industries of Hampton Roads, Inc., Defendant, and that, while shopping at the store, she was injured as a result of the negligence of the Defendant, resulting in damages.

Defendant's institutional purpose is to provide for the material, spiritual, and moral welfare of the poor and unemployed, and it is recognized by the Internal Revenue Service as a § 501(c)(3) not for profit organization. This status is further suggested or indicated by the Commonwealth of Virginia Department of Taxation as well as the Defendant's Certificate of Incorporation and By-Laws.

Defendant has filed a Special Plea of Charitable Immunity as a special defense to the Motion for Judgment filed by Plaintiff.

A charitable institution is immune from liability to its beneficiaries for negligence arising from the acts of its servants and agents if due care has been exercised in their selection and retention. *Bailey v. Lancaster Ruritan Recreation Center*, 256 Va. 221, 224 (1998); *Straley v. Urbanna Chamber of Commerce*, 243 Va. 32, 35 (1992); *accord Moore v. Warren*, 250 Va. 421, 422-23 (1995). To determine whether an organization is charitable, a court must examine the powers and purposes set forth in its charter to learn whether the organization is conducted for a profit. *Bailey* at 224; *Danville Community Hosp. v. Thompson*, 186 Va. 746, 753 (1947). When an organization's charter

sets forth a charitable purpose, there arises a rebuttable presumption that the organization is charitable. *Bailey* at 224; *Memorial Hosp. v. Oakes*, 200 Va. 878, 883 (1959).

The Virginia Supreme Court has strictly limited the defense of charitable immunity to situations in which a Plaintiff who is allegedly injured or has an alleged cause of action was a beneficiary of a defendant's charitable activities. A person is not deemed a beneficiary when he or she receives only a remote or attenuated benefit. *Straley* 243 Va. at 37. In *Straley*, the plaintiff, a parade spectator, suffered an injury when a piece of candy thrown by a clown struck her in the eye. The plaintiff sued the parade's sponsor, the Urbanna Chamber of Commerce. Despite the fact that the plaintiff had attended the parade ten times and did "a lot" of shopping at the parade, the Supreme Court held that the benefits she received from the parade were "too attenuated and indirect to classify her as a beneficiary of the Chamber's charitable activities." *Id.* at 37. Thus, repeated shopping at an event organized by a charity is insufficient to render a plaintiff the beneficiary of the event's sponsor.

In *Thrasher v. Winnand*, 239 Va. 338 (1990), the plaintiff was a member of Purgatory Four Wheelers, an organization that operated a food booth at a "Spring Festival" in Buchanan, Virginia. The Spring Festival was sponsored by the defendant, a non-profit corporation that sought to increase the visibility of Buchanan and gave its proceeds to local charities. Purgatory Four Wheelers had agreed to give a portion of its profits from the operation of the booth to the defendant. The plaintiff left his organization's booth to get a soda and was subsequently struck by a truck. He sued the defendant organization, which interposed a plea of charitable immunity. The Supreme Court reversed the trial court's holding that the defendant was entitled to charitable immunity, because the plaintiff was not a beneficiary of the defendant's charity. It reasoned that the defendant's "pursuit of its corporate purpose to 'create a greater awareness and visibility of the community of Buchanan' confers indirect benefits which are too remote to give rise to the defense of charitable immunity. The beneficiaries of [defendant's] charity were only those to whom its board of directors donated the proceeds of its fund-raising activities." *Id.* at 342.

Defendant's Certificate of Incorporation would appear to indicate that Plaintiff was not a beneficiary of Defendant's charitable purpose. The relevant language in the document reads, "The purposes for which [Goodwill] is formed are as follows ... (g) To solicit, buy, repair, sell, and or contribute articles of merchandise *as a means of promoting this work*." (Certificate of Incorporation, Clause Three.) Clearly, the Defendant established its stores not out of an eleemosynary impulse to benefit the shoppers at its stores, but rather

as a funding mechanism for its other charitable activities. The Plaintiff's position is similar to a patron of a church bingo hall or a keynote speaker at a charity ball. Rather than benefiting from the bounty of the Defendant's charity, the Plaintiff, through her patronage of the Defendant's store, was effectively sponsoring it. The Plaintiff's position is strongly analogous to that of the plaintiff in *Thrasher*, where the plaintiff, through staffing a booth at the defendant's festival, was helping the defendant charity to raise revenue.

Defendant has cited a number of cases in support of its position and defense of charitable immunity, all of which are distinguishable or inapposite. In *Egerton v. R. E. Lee Memorial Church*, 395 F.2d 381 (4th Cir. 1968), plaintiff was injured while viewing the sanctuary and stained glass windows of the defendant church. The Fourth Circuit, applying Virginia law, held that the plaintiff was a beneficiary of the defendant church because the church "[seeks] to provide a house of worship and reverence, which day in and day out will foster in the minds of all who visit its sanctuary ... devotion and morality ... it does [this] ... in the very form, adornment, and embellishment of its sanctuary." *Id.* at 383. Thus, the defendant was entitled to charitable immunity because one of its charitable purposes was maintaining an edifice that would inspire reverence and the plaintiff clearly benefited from that purpose. Furthermore, while the defendant in the instant case maintained its store to generate sales from its customers, the plaintiff in *Egerton* had not paid for admission.

The remaining cases, *Ettlinger v. Trustees of Randolph-Macon College*, 31 F.2d 869 (4th Cir. 1929), and *Bodheimer v. Confederate Memorial Ass'n*, 68 F.2d 507 (4th Cir. 1934), cited by Defendant, were diversity cases tried before *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), and do not purport to apply Virginia law. Moreover, these cases are distinguishable on their facts. In each of these cases, the plaintiff was among the class of beneficiaries for whom the defendant charity was established and both cases involved actions for premises liability after the plaintiff was injured on the defendant charity's property.

Defendant's Special Plea of Charitable Immunity is denied.