# CIRCUIT COURT OF PITTSYLVANIA COUNTY

Dora Mae Henley,
Admr. of the Estate of
Marvin Hubert Strickland, Jr.,
deceased

v.

Anna Woodford et al.

February 2, 2011

Case No. CL10000123-00

By JUDGE CHARLES J. STRAUSS

At issue are the defendants' pleas of charitable immunity to plaintiff's claims of negligence. The defendants include the church, Sycamore Baptist Church, and various servants, agents, and volunteers.

Those claiming the defense of charitable immunity must prove two distinct elements. "First, the entity must show it is organized with a recognized charitable purpose and that it operates in fact in accord with that purpose . . . second . . . it must then establish that the tort claimant was a beneficiary of the charitable institutions at the time of the alleged injury." *Ola v. Y.M.C.A. of South Hampton Roads*, 270 Va. 550, 556, 621 S.E.2d 70 (2005). The plaintiff has not contested the first prong and stipulated the church is a charitable institution. The plaintiff argues the defendants cannot establish the second prong, that Master Strickland was a beneficiary of the charitable institution.

Plaintiff argues that the activities of the churches youth group of which Master Strickland was a member, were "so attenuated and indirect" that they cannot support a claim of charitable immunity.

The District Court for the Eastern District of Virginia repeated the basis for the charitable immunity doctrine in Virginia:

> the doctrine rests on public policy, namely, that the common
> weal is better served if the resources of charitable institutions

are used to further the institution's charitable or eleemosynary purposes, rather than to pay tort claims lodged by those who benefitted from the institution's bounty.

*Davidson v. Colonial Williamsburg Foundation*, 817 F. Supp. 611, 613 (E.D. Va. 1993), citing *Hill v. Leigh Memorial Hospital, Inc.*, 204 Va. 501, 132 S.E.2d 411 (1963), and *Egerton v. R. E. Lee Memorial Church*, 395 F.2d 381, 382 (1968).

Agents, servants, and volunteers enjoy the same charitable immunity defense while engaged in the charity's work. *Moore v. Warren*, 250 Va. 421, 423-25, 463 S.E.2d 459 (1995).

At the hearing on defendants' plea, the minister of Sycamore Baptist Church, Gary Phillips, testified that Master Strickland, as a member of the church's youth group, took a church sponsored trip to a public beach at Smith Mountain Lake. The youth were there to swim, socialize, and enjoy some planned activities at the beach. Plaintiff argues in his memorandum that the relationship between the charitable institution and the beneficiary can be too attenuated and indirect to support the defendants' claims of charitable immunity. He cites two cases to support his position, *Straley v. Urbanna Chamber of Commerce*, 243 Va. 32, 37, 413 S.E.2d 47 (1992), and *Thrasher v. Winard*, 239 Va. 338, 389 S.E.2d 699 (1990). These cases, while they help understand the limits of the charitable immunity doctrine, are not akin factually to the case at hand.

The Court in *Straley, supra*, at 37, found the relationship between the Chamber and the plaintiff, a member of the public attending the festival was too attenuated and indirect to classify her a beneficiary of the Chamber's charitable activities. She was a mere invitee to whom the defendants owed a duty of reasonable care. In *Thrasher*, Magic Mountain, Inc., was a charitable organization, conducting a spring festival to raise money for local charities. Thrasher worked for one of the food vendors at the festival. The defendants in the suit brought by Thrasher claimed charitable immunity. The Court found that "The beneficiaries of Mountain Magic's charity were only those to whom its board of directors donated the proceeds of its fundraising activities, a category to which Thrasher did not belong." *Thrasher, supra*, at 342. The vendor Thrasher worked for selling food was essentially a social club, which the Court stated "raised money for its own purposes" and not a beneficiary of Mountain Magic's charitable activities. *Thrasher, supra*, at 341.

Plaintiff argues that the church's mission may have been the spiritual growth of the youth, however, that was not the mission of Smith Mountain Lake Park beach. He argues that the evidence of spiritual activities at the beach is insufficient to support its defense.

In summary, the plaintiffs argue, since the state park's mission was not to promote spiritual growth and the evidence was insufficient to support church related spiritual activities at the beach for the youth group, then

the act of taking the youth group to the beach with adult supervision was too attenuated to support that Master Strickland was the beneficiary of the church's charitable purpose.

The Court finds this is too narrow a reading of the charitable immunity defense in Virginia. Using the Court's language in *Egerton, supra*, at 383, "Such argument would confine the church's function and the purposes of its various services . . . within too narrow a range."

Here, Master Strickland was a member of the church's youth group. He was on a trip with that group to a public beach. The church's mission with the youth is not limited to the boundaries of its property lines or the sanctuary. Youth of the church spend most of their time in the secular surroundings where they live and travel. In developing character, morals, values, and the spiritual growth of young Christians, the church may take the youth to secular settings with their Christian peers and adults from the church. Recreation and entertainment can be an important part of the church's being relevant and maintaining the interest of the youth in the church and its mission. Clearly, Master Strickland was the beneficiary of the church's purpose in its mission to serve the youth, and the doctrine of charitable immunity protects the church and the volunteers, agents, and servants who are defendants in this case.