# CIRCUIT COURT OF THE CITY OF RICHMOND

David M. Barnett

v.

Byrd Theatre
Foundation

June 28, 2012

Case No. CL11-390

By Judge Melvin R. Hughes, Jr.

In this tort litigation wherein plaintiff has brought suit against a non-profit organization which owns and operates a local historic movie theater on a claim for personal injury, the parties have submitted the issue of defendant's plea of charitable immunity to the court for decision. The court will overrule the plea.

Plaintiff has an avid interest in old vintage Wurlitzer organs, the type which has been on the premises of the Byrd Theatre since the 1920s. He is a member of the Byrd Theatre Organ Restoration Subcommittee and is a member of other vintage organ groups. During an interim period when the theatre was without an organ maintenance or repair person in its employ, plaintiff volunteered to conduct certain repairs on the theatre organ. It was at this time that plaintiff fell and sustained injuries on the premises. Claiming negligence, plaintiff brought suit for damages, which has been met with this defendant's assertion of the defense of charitable immunity.

Given the defendant's charitable purpose to provide a facility for the performing arts and, according to its by-laws, to "preserve and restore the Byrd Theatre, including the organ," it cannot be said that plaintiff was the object of the charity's bounty at the time. There is no evidence that defendant was extending and plaintiff was receiving services or a charitable benefit consistent with defendant's charitable aims. Based on those aims, the defendant did not undertake to provide a service to plaintiff at the time. The defendant's accepted charitable charge is to provide a venue for the performing arts. The by-law provision regarding restoration and preservation is aimed at facilitating that charge of affording performing arts. Charitable "immunity [is] not . . . [meant to extend] to invitees or

strangers having no beneficial relationship to the charitable institution." *Thrasher v. Winand,* 239 Va. 338, 340-41, 389 S.E.2d 699, 701 (1990). The fact that plaintiff likes and wanted to do what he was doing by providing a service of repair to the charity and received a "benefit" thereby is not the same as or consistent with the Byrd's extending its charitable beneficence according to its charitable undertaking.