## CIRCUIT COURT OF WESTMORELAND COUNTY

Helen H. France

v.

St. Paul's Episcopal Church,
Vestry of St. Paul's Episcopal Church,
and Board of Trustees of
St. Paul's Episcopal Church

October 7, 2013

Case No. CL11-100

By Judge Harry T. Taliaferro, III

This is a civil slip and fall premise liability case. The plaintiff Helen H. France brought this suit against the defendant St. Paul's Episcopal Church and its Vestry and Trustees (collectively "St. Paul's") for injuries she sustained when she fell and broke her leg on August 28, 2009, when she was leaving a funeral at St. Paul's. On September 12, 2013, the Court heard oral arguments on the defendants' Motion for Leave to Amend their Answer to include charitable immunity as an affirmative defense and Motion for Summary Judgment to dismiss the case on a plea of charitable immunity. After hearing arguments, the Court sustained the first Motion granting leave to amend and took the Motion for Summary Judgment under advisement.

The Court has reviewed the defendants' Motion on the plea of charitable immunity, the plaintiff's memorandum in opposition thereto, the defendants' reply motion in support of their plea, the written "Agreed Upon Stipulations" admitted as Joint Exhibit 1 that included twelve pages of the deposition of Ms. France, the case authorities cited by each side, and the oral arguments of counsel.

In order to establish charitable immunity as a bar to tort liability, the defendant must prove two distinct elements. "First, the entity must show it is organized with a recognized charitable purpose and that it operates in fact in accordance with that purpose. . . . Second . . . it must then establish that the tort claimant was a beneficiary of the charitable institution at the time of the alleged injury." *Ola v. YMCA of South Hampton Roads, Inc.,*

270 Va. 550, 556, 621 S.E.2d 70 (2005) (internal cites omitted). The parties have stipulated that St. Paul's is a charitable organization. This stipulation obviates the need of the Court to go into an analysis of those factors which Virginia case law has identified as indicative of whether a charitable organization operates in fact with a charitable purpose. See, e.g. *Memorial Hospital, Inc. v. Oakes*, 200 Va. 878, 108 S.E.2d 388 (1959) (listing factors that qualify an organization as charitable, including a charter limiting it to charitable purposes, a not-for-profit limitation, dependence on contributions and donations for a substantial portion of its existence, and exemption from federal income tax and/or local real estate taxes).

## Facts

For the purposes of the Motion, the facts are not disputed. Ms. France left work to go to the funeral of Ms. Viola Hutt at St. Paul's. She was a friend of the Hutt family. She had gone through school with one of Viola's sets of twins from first grade through high school graduation. St. Paul's is a very small rural church. Ms. France was not a member of St. Paul's. She had been to the church twice before for funerals, one of which had been the funeral of one of Viola's children. About 150 to 200 people attended Viola's funeral. The church was overflowing with people. Ms. France stood in a hallway connecting the church to the parish hall so that through an open spot she could see the service which lasted thirty to forty-five minutes.

At the funeral service, she recognized friends, including schoolmates and girls with whom she had played basketball in high school. She knew pretty much all the people there. After the service, a reception was held in the parish hall where food and refreshments were provided by family and friends. Ms. France sat at a table and ate and reminisced with people she had not seen in a long time. She stayed at the reception for about an hour and fifteen to thirty minutes. When only about two or three dozen people were left, she left to go to her car to go back to work. When leaving the parish hall she stepped off the handicapped ramp and suffered her injury. At that time she was with Sally Brownley a public health nurse at the Health Department where Ms. France had worked for nineteen years.

The church has an insurance policy that provides a liability limit of $1,000,000 for personal injury claims and pays for the defense of such claims.

## Issue

The dispositive issue is whether Ms. France was a beneficiary of the charitable purposes of St. Paul's at the time of the injury she alleges.

*Analysis*

"It is a well-settled rule in Virginia that charitable institutions are immune from liability based upon claims of negligence asserted by those who accept their charitable benefits." *Weston's Adm'x v. St. Vincent, etc.,* 131 Va. 587, 601, 107 S.E. 785 (1921). That immunity does not extend, however, to "an invitee, or a stranger having no beneficial relation to the charitable institution." *Hospital Assoc. v. Hayes,* 204 Va. 703, 707, 133 S.E.2d 559 (1963). Mere membership in a class eligible to receive future benefits, conditioned upon circumstances which may never occur, is too remote and speculative to be considered. *Thrasher v. Winand,* 239 Va. 338, 340, 389 S.E.2d 699 (1990). A determination of whether or not a plaintiff is a beneficiary of a charitable organization's charitable bounty is a legal question to be decided by the Court. *Roanoke Hospital Ass'n. v. Hayes,* 204 Va. 703, 711, 133 S.E.2d 559 (1963). "The doctrine of charitable immunity is firmly embedded in the law of this Commonwealth and has become a part of the general public policy of the state." *Ola,* 270 Va. at 555 (2005), citing *Memorial Hospital, Inc. v. Oakes,* 200 Va. 878, 889, 108 S.E.2d 388 (1959). "It is grounded in the public policy that the resources of charitable institutions are better used to further the institution's charitable purposes, than to pay tort claims lodged by the charity's beneficiaries." *Ola* at p. 555.

Ms. France first contends that, because she was not a member of either the Hutt family or St. Paul's and was only there to pay her respects, she was an invitee or stranger and not a beneficiary of the church's charitable purpose. She asserts that no benefits, pecuniary or otherwise, were conferred upon her by St. Paul's and that her relationship to the church and its charitable purpose was too attenuated to support the defendants' claim of charitable immunity.

The Supreme Court of Virginia has stated that "a person is a beneficiary of charity if he or she has a 'beneficial relationship' to the charitable organization." *Ola,* 270 Va. at 563, citing *Hayes,* 204 Va. at 707. The benefit received from the charitable organization need not be financial. Rather "a beneficiary is a person who receives something of value, which the organization by its charitable purpose, undertakes to provide. An individual is 'a beneficiary of [charitable] bounty' if that individual's interaction with the entity 'is related to the charitable purpose of the [organization]'." *Ola,* 270 Va. at 564, citing *Egerton v. R. E. Lee Memorial Church,* 395 F.2d 381, 384 (4th Cir. 1968).

In *Egerton,* the U.S. 4th Circuit Court of Appeals applying Virginia law upheld the charitable immunity of a church finding it immaterial that the plaintiff was a tourist and not a member of the congregation. There was no church service scheduled or in progress when the plaintiff visited the church for the purpose of viewing its sanctuary and stained glass windows which she regarded as a historic shrine. The plaintiff was found to be a beneficiary of the benevolence and bounty of the church because the interior

of the church plaintiff viewed was "designed to produce an atmosphere and background conducive to religious devotion and meditation." *Id.* at 384.

Virginia circuit court cases have applied charitable immunity to a broad spectrum of church related activities. In *Henley v. Woodford*, 82 Va. Cir. 185 (2011), the Circuit Court of Pittsylvania County held charitable immunity barred a claim on behalf of a member of a church youth group which arose from the group's trip to a public beach. In *Sink v. Vinton Wesleyan Church*, 50 Va. Cir. 361 (1999), the Circuit Court of Roanoke County held that a claim of a bride's mother injured in a fall at the church's social hall which she had rented for the wedding reception was barred by charitable immunity. In *Roberts v. The Wesley Foundation*, 27 Va. Cir. 121 (1992), the Circuit Court of Williamsburg and James City County barred under the doctrine of charitable immunity the claim of a plaintiff who fell and injured himself while trying to enter the social hall of The Wesley Foundation to attend a luncheon of the Peninsula Agency on Aging. In all three of these cases, the Court found the plaintiff benefited from the charitable purpose of a church.

Ms. France argues as controlling authority cases involving charitable hospitals that have not applied the doctrine of charitable immunity to invitees injured on hospital premises. These cases have held, for example, that one who, upon request of a sick person, accompanies him to a charitable hospital for treatment, is an invitee to whom the hospital owes a duty to exercise ordinary care to have its premises in a reasonably safe condition for visitors. See *Hospital of St. Vincent v. Thompson*, 116 Va. 101, 81 S.E. 13 (1914). Likewise, a private duty nurse employed by a patient while he was in a charitable hospital was held not to be a participant in the bounty of the hospital, but was an invitee or stranger on its premises. *Hayes*, 204 Va. at 707-08. The plaintiffs in these charitable hospital cases were not themselves recipients of hospital provided medical care, nor did they benefit from the hospital charitable purpose simply from going to the building.

Ms. France also argues that she cannot as an individual or as a member of a group be placed within the category of those who were the object of the charitable purpose of St. Paul's. In support of this argument, she cites *Straley v. Urbanna Chamber of Commerce*, 243 Va. 32, 413 S.E.2d 47 (1992). There, the Virginia Supreme Court found charitable immunity not applicable to benefit the sponsors of the Urbanna Oyster Festival against the claim of a plaintiff who was injured when, as a spectator at a festival parade, she was struck in the eye by a piece of candy thrown by a clown. The trial court's dismissal on the grounds of charitable immunity was reversed because the plaintiff, who was not a resident of the Town of Urbanna or the surrounding area, could not be shown to be a beneficiary of the local charitable purposes of the defendant parade sponsors or other local charitable organizations to which the sponsors made donations from festival profits. The mere possibility that she might indirectly receive some benefit in the future from one of the recipient charitable organizations

(like the local volunteer fire department or rescue squad) was held to be too remote and speculative to support charitable immunity. Similarly, in *Thrasher,* the Supreme Court held that neither the plaintiff's membership in a club, primarily social in nature, that paid a fee to participate in a town's spring festival sponsored by a local organization nor the fact that the plaintiff as a resident of the community might potentially become a future beneficiary of the organization's charitable purposes was sufficient to give such organization charitable immunity.

We disagree with Ms. France that her attending the funeral service and reception at St. Paul's was unrelated to its charitable purpose. The purpose of the Christian funeral service conducted in the sanctuary of St. Paul's was to bring spiritual solace and comfort to those bereaved by the death of Viola Hutt and the purpose of the reception afterwards was to bring those persons together for fellowship in the church parish hall. The scope of the charitable purpose of St. Paul's conferred by the conduct of the funeral service and fellowship in its parish hall was not limited to the decedent's family or just members of the church. The spiritual purpose and message of Christian burial is far broader in its meaning and scope.

Ms. France was not a mere visitor or invitee in a factual situation akin to that of persons who were mere visitors or invitees of a charitable hospital. Neither was her going to St. Paul's on the day she was injured similar to the situation of Ms. Straley who could not be classified either as an individual or as a member of a group as a beneficiary of the charitable purposes of the parade organizers.

Ms. France, who regarded herself as a family friend, went to St. Paul's to attend the funeral service of Viola Hutt. Having gone to funerals twice before at St. Paul's, Ms. France knew the nature of the service she was going to. Although she could not get into the church proper, she positioned herself in the hallway so that she could see the service inside. In this manner, she was a part of the congregation. Further, she availed herself of food, refreshments, and fellowship at the reception. Ms. France was clearly a direct beneficiary of the charitable purposes of St. Paul's.

It was not material that she was injured on church property as she was leaving the reception following the funeral. See *Bodenheimer v. Confederate Memorial Ass'n.,* 68 F.2d 507 (4th Cir. 1934) (plaintiff, a non-resident of Virginia, was injured on the grounds of the defendant museum after she had completed her tour of its exhibits and was on her way to visit a nearby home for old soldiers).

Lastly, the Court declines to rule that the doctrine of charitable immunity has no application because St. Paul's Church has insurance that covers the risk and the cost to defend the claim made in this suit. Charitable immunity is limited to ordinary negligence, the only claim made by Ms. France. The doctrine of charitable immunity does not apply against claims of gross or willful and wanton negligence. *Cowan v. Hospice Support Care,* 268

Va. 482, 603 S.E.2d 916 (2004). Like other charitable organizations, St. Paul's is obligated to carry insurance due to its exposure based on claims of higher negligence. Charitable immunity has steadfastly remained a viable defense in Virginia. The Court agrees with Judge Person in *Roberts v. The Wesley Foundation* that, "[a]lthough the wisdom of exempting a charitable institution from liability in tort even to its beneficiaries was not entirely free from doubt, the Supreme Court felt it would be more appropriate for the General Assembly of Virginia to abrogate the rule than for courts to undertake to do so." (Citations omitted.)

For the reasons herein stated, the Court sustains the Plea of Charitable Immunity and dismisses the plaintiff's complaint.