# CIRCUIT COURT OF THE CITY OF ROANOKE

Michelle Leftwich

   v.

Goodwill Industries
of the Valley Works

June 19, 2015

Case No. CL14-747

BY JUDGE DAVID B. CARSON

The parties are before the Court on a Special Plea in Bar filed by Defendant, Goodwill Industries of the Valley Works ("Goodwill Works"). Goodwill Works argues that the doctrine of charitable immunity shields it from any liability in this case. For the reasons discussed below, the Court denies Goodwill Works' Special Plea in Bar.

## The Pertinent Facts

The Plaintiff, Michelle Leftwich, alleges she was injured while shopping at a Goodwill store in Roanoke owned and operated by Goodwill Works. Specifically, Leftwich alleges that a bed frame or bed rail that was propped up against a store wall fell over onto her leg, causing her serious injuries.

Goodwill Works submitted a Special Plea in Bar on charitable immunity grounds, and argument was heard on June 15, 2015. For purposes of this Special Plea, the parties stipulated that Goodwill Works is a charitable organization, organized and operated "exclusively for the benefit of Goodwill Industries of the Valleys, Inc." ("Goodwill Valleys"), quoting Defendant's Exhibit 1, "Articles of Incorporation of Goodwill Industries of the Valley Works." They also have stipulated that Goodwill Valleys' charitable purpose is to "help people with disabilities and disadvantages overcome barriers to employment." Defendant's Special Plea in Bar at 7. With these stipulations, only one issue remains for the Court to decide: Was Leftwich a beneficiary of Goodwill Works' charitable activities?

*Analysis*

A. *The Law*

In Virginia, "a charitable institution is immune from liability to *its beneficiaries* for negligence arising from acts of its servants and agents, if due care has been exercised in their selection and retention." *Thrasher v. Winand*, 239 Va. 338, 340-41, 389 S.E.2d 699, 701 (1990) (emphasis added). Immunity does not extend to an invitee or a stranger who is not "a beneficiary of the bounty of the [institution's] charitable purposes at the time of the accident." *Strayley v. Urbanna Chamber of Commerce*, 243 Va. 32, 36, 413 S.E.2d 47, 50 (1992).

In *Thrasher v. Winand*, the purpose of the charitable organization in that case, "Mountain Magic," was to organize and promote an annual spring festival in Buchanan, Virginia; to create greater awareness and visibility of the community of Buchanan; and to donate its net earnings to local charities. *Thrasher*, 239 Va. at 339, 389 S.E.2d at 700. Thrasher worked for a vendor at the festival, which paid a portion of its proceeds to Mountain Magic. *Id.* at 341, 389 S.E.2d at 701. During the festival, Thrasher was injured in a motor vehicle accident he claimed was due, in part, to the negligence of Mountain Magic. The trial court rejected Mountain Magic's charitable immunity defense. On appeal, the Supreme Court concluded that Thrasher was not on the receiving end of Mountain Magic's charitable activities and, consequently, was not a beneficiary of Mountain Magic. Indeed, the *Thrasher* Court held that only those people who received the proceeds of the fund-raising activities were beneficiaries of Mountain Magic's charitable activities. *Id.* at 341, 389 S.E.2d at 701.

Similarly, in *Strayley v. Urbanna Chamber of Commerce*, the Chamber's purpose was to promote the town of Urbanna, Virginia, and to provide a means by which to stimulate economic growth in the area. *Strayley*, 243 Va. at 34, 413 S.E.2d at 48. Strayley drove 62 miles from her home in Norfolk to enjoy the Urbanna Oyster Festival held by the Chamber. *Id.* at 35, 413 S.E.2d at 49. She shopped, dined, and attended events at the festival on several occasions. *Id.* Strayley sued the Chamber after getting hit in the eye with candy thrown by a clown at one of the events. *Id.* at 33, 413 S.E.2d at 48. The *Strayley* Court held that, because she was neither a nearby resident nor a recipient of any pecuniary benefit from the funds generated by the festival, Strayley was not a beneficiary of the Chamber's charitable activities. *Id.* at 37, 413 S.E.2d at 50-51.

Conversely, in *Ola v. YMCA of Hampton Roads, Inc.*, the Court held that a YMCA member who was attacked in a locker room after swimming at its facility was a beneficiary of the YMCA's charitable activities. *Ola v. YMCA of Hampton Roads, Inc.*, 270 Va. 550, 564, 621 S.E.2d 70, 78 (2005). Regardless of whether she paid full membership price or not, the Court held that she benefitted from the YMCA's charitable purpose and activity,

which was to provide "programs that build a healthy body, mind, and spirit for all." *Id.* at 557-58, 621 S.E.2d at 73. Whereas Thrasher and Strayley were not directly benefitted by the charitable institutions in their cases, Ola was. The YMCA's facilities and programs were created to promote their members' health, and Ola was a member using those facilities at the time of the alleged negligence.

In *Carroll v. Goodwill Industries of Hampton Roads, Inc.*, Judge Jacobson of the Circuit Court of the City of Norfolk addressed the same issue in our case, with an almost-identical defendant, and found that shoppers at a Goodwill store were not beneficiaries of Goodwill:

> A person is not deemed a beneficiary when he or she receives only a remote or attenuated benefit.... . [Goodwill] established its stores not out of an eleemosynary impulse to benefit the shoppers at its stores, but rather as a funding mechanism for its other charitable activities.... . Rather than benefiting from the bounty of the Defendant's charity, the Plaintiff, through her patronage of the Defendant's store, was actively sponsoring it.

*Carroll v. Goodwill Industries of Hampton Roads, Inc.*, 57 Va. Cir. 411, 412–13 (Norfolk 2002).

## B. *The Law Applied to the Facts*

From the stipulated facts, Leftwich is neither a disabled nor disadvantaged person whom Goodwill Works was hoping to help "overcome barriers to employment." To the contrary, as in *Carroll*, she was an individual invited into the store to shop for lightly-used items. Just as Judge Jacobson concluded in the *Carroll* case, this Court finds that Leftwich was not benefitting from the charitable activities of Goodwill Works but, if anything, was actively sponsoring it.

The fact that shoppers, such as Leftwich, benefit to some degree (bargain pricing) from Goodwill Works is not dispositive. Indeed, the vendor in *Thrasher* and the parade-goer in *Strayley* benefited to some extent from the charities in those cases (selling merchandise to the attendees on the one hand, and shopping, eating, and having fun on the other). What is dispositive is the nature of the benefit derived. Unlike the YMCA member in *Ola*, Leftwich was neither an intended nor actual beneficiary of Goodwill Works' charitable purpose. Rather, she derived the incidental benefit of having the ability to purchase lightly-used merchandise at bargain prices.

## Conclusion

For the reasons discussed above, the Court denies Goodwill Works' Special Plea in Bar.