## CIRCUIT COURT OF CHESTERFIELD COUNTY

Zervos et al.

v.

Y.M.C.A.

November 6, 1995

Case No. CL95-40

BY JUDGE T. J. HAULER

This case comes before the court on Defendant Y.M.C.A.'s plea of charitable immunity. The Court heard argument from counsel on September 11, 1995. After a thorough review of the briefs submitted by counsel and the authorities therein cited, the Court renders the following findings and opinion.

The Court finds that at the time of his injury, the plaintiff Brian Goode was not accepting the benefits of the charitable activities of the defendant, Y.M.C.A. Accordingly, the defendant's plea of charitable immunity is denied.

The plaintiff was not himself a member of the Y.M.C.A. He received day care services solely because his stepfather was a member. Notwithstanding Brian's participation in the after school child care program, this court finds that the actual benefits of the defendant's services flowed to Brian's parents. The parents were the fee payors who received the two dollar discount due to Mr. Zervos' membership. The parents enjoyed the convenience occasioned by the day care location at Brian's school. Therefore, the Court finds that at the time of his injury, the plaintiff was an invitee not within the charity-beneficiary nexus. In arriving at this decision, the Court relies on *Straley v. Urbanna Chamber of Commerce*, 243 Va. 32, 413 S.E.2d 47 (1992). Charitable immunity does not extend to one whose relationship to the charity is too attenuated and indirect to classify him as a beneficiary of the charitable activities. In this case, Brian Goode was an invitee to whom the defendant, Y.M.C.A. owed the duty of reasonable care.