754

## CIRCUIT COURT OF HANOVER COUNTY

James Pierce Kegley

v.

Hanover Academy, Inc.

October 7, 2008

Case No. CL08000438-00

BY JUDGE JOHN RICHARD ALDERMAN

Defendant filed in this Court a Special Plea in Bar claiming charitable immunity to the allegations in the Complaint. The Court heard arguments on October 1, 2008, and took the matter under advisement. Having thoroughly reviewed and considered the evidence and applicable law, the Court finds the following.

### I. *Background*

On or about June 2, 2006, Defendant owned, operated, and maintained property known as "Hanover Academy." Hanover Academy was a private, not-for-profit, tax-exempt institution in which children were enrolled primarily for educational purposes. On or about June 2, 2006, Plaintiff had two children enrolled at Hanover Academy, for which he was charged standard tuition minus 25%.

While traversing the grounds of Hanover Academy on or about June 2, 2006, Plaintiff alleges that he stepped into a hole, resulting in serious and permanent physical injury. Plaintiff alleges that he was a public invitee at the time of the incident and that Defendant is liable for breach of a duty of reasonable care. Defendant claims that it is a charitable organization, from which Plaintiff directly benefits, and is thus immune to liability for simple negligence.

## II. *Analysis*

### A. *The Test for Charitable Immunity*

The Commonwealth of Virginia extends a limited immunity to tort liability for charitable organizations. *Ola v. YMCA of South Hampton Roads, Inc.*, 270 Va. 550, 556, 621 S.E.2d 70, 72 (2005) (citing *Weston v. Hospital of St. Vincent*, 131 Va. 587, 610, 107 S.E. 785, 792-93 (1921)). Regardless of the claim, a charitable institution must have exercised due care in the selection and retention of its employees. *Hill v. Leigh Memorial Hospital, Inc.*, 204 Va. 501, 507, 132 S.E.2d 411, 415 (1963). Furthermore, a charitable institution is not immune to liability for acts of gross negligence or willful and wanton negligence. *Cowan v. Hospice Support Care, Inc.*, 268 Va. 482, 488, 603 S.E.2d 916, 919 (2004). In this case, neither disqualifying factor is alleged, and so they need not be addressed.

Charitable immunity to tort liability for negligence depends upon satisfaction of the two-prong test laid out in *Ola*, 270 Va. at 556-57. The organization must first prove that it is organized with a recognized charitable purpose and that it actually carries out that purpose. *Id.* at 556. An expressed charitable purpose within the organization's founding documents will create a presumption that it actually serves that purpose. *Id.* at 557. The presumption may be rebutted by evidence that the organization does not actually serve its purported charitable purpose. *Id.*

Having met the first prong, the organization must then prove that the tort claimant is a beneficiary of the organization's charity. *Id.* at 556. Satisfaction of this prong depends upon the tort-claimant's enjoying a "beneficial relation" to the charitable organization. *Roanoke Hospital Ass'n v. Haves*, 204 Va. 703, 707, 133 S.E.2d 559, 562 (1963). The benefits must be direct, not merely speculative. *Thrasher v. Winand*, 239 Va. 338, 342, 389 S.E.2d 699, 701 (1990).

### B. *Charitable Purpose and Operation in Accord*

Defendant is a charitable organization that serves in accord with its charitable purpose. Its Articles of Incorporation, while not explicitly using the word "charitable," clearly dictate that Hanover Academy was organized to operate "exclusively for scientific, literary, and educational purposes." It was organized as a non-stock, non-profit organization. The Articles of Incorporation command that "no part of the net earnings shall inure to the

benefit of any member . . . or any individual." Relying on Defendant's founding documents, the Internal Revenue Service has classified Hanover Academy, Inc., a tax-exempt 501(c)(3) organization for nearly 48 years. The undisputed facts prove that Hanover Academy, Inc., was organized with the expressed charitable purpose. Based upon this finding, Defendant may rely upon a rebuttable presumption of actual operation as a charity.

Plaintiff offered no evidence to rebut the presumption that Hanover Academy operates in accord with its charitable purpose. As a result, this Court finds that Defendant has satisfied the first prong of the test for charitable immunity. Even if the presumption could not stand alone, however, uncontroverted evidence proves that Hanover Academy, Inc., does in fact operate as a charity. The evidence shows that the organization offers a full range of educational and extracurricular opportunities. In the words on the parent-student handbook, "[s]tudents are educated in a progressive, positive environment that will develop them emotionally, spiritually, and academically." The evidence demonstrates that the organization is fully dependent on the generosity of donors and that any budget surplus is redirected toward the organization's charitable efforts.

## C. Plaintiff as a Charitable Beneficiary

The second prong of the test for charitable immunity is satisfied in at least two respects. First, Plaintiff was a direct beneficiary of Defendant's charitable operations because he was taking advantage of its services at a discounted rate. In *Zervos v. Y.M.C.A.*, 37 Va. Cir. 325 (Chesterfield County 1995), Judge Hauler found that parents who received a two-dollar discount for day care services were "within the charity-beneficiary nexus." This Court agrees with that finding. Applying the same reasoning, this Court finds that Plaintiff's receipt of a discounted tuition from Hanover Academy placed him squarely within the charity-beneficiary nexus.

Plaintiff also directly benefited from Defendant's charitable activities in a non-pecuniary way. As a custodial parent, Plaintiff had a legal responsibility to ensure that the educational needs of his children were met. Defendant offered services, as a result of charity and for charitable purposes, which satisfied Plaintiff's responsibilities. Plaintiff voluntarily engaged these charitable services, and thus became a direct beneficiary of them. The mere fact that the children may have also been beneficiaries of Defendant's charitable activity does not supplant Plaintiff. Defendant charitably provided a service that Plaintiff personally needed, that he personally accepted, and that he personally benefited from.

### III. *Conclusion*

Based upon the findings detailed above, the Special Plea in Bar is granted, and this action is dismissed with prejudice.